## COOPER v. MALONEY et al., Appellants.

Division Two, May 21, 1901.

1. **Appellate Practice:** BILL OF EXCEPTIONS: FINDING OF FACTS: JUDGE'S SIGNATURE. Where a bill of exceptions was not signed, a signing of the findings of fact under the hand and seal of the judge, three months before the bill of exceptions was ready to file, can not be considered as a signing of the bill, and hence did not cure the defect.

2. ————: ————: STATEMENT IN TRANSCRIPT: DEFECT. A statement, written in the transcript after the close of the term, that defendant filed a bill of exceptions signed by the judge, was not sufficient to cure a defect arising from the absence of the judge's signature to the bill.

3. ————: ————: MOTION FOR NEW TRIAL: NO REFERENCE. Where the motion for a new trial was copied in the record subsequent to the judge's signature to an alleged bill of exceptions, and the motion was not referred to in the alleged bill, it was not incorporated therein and could not be considered.

Appeal from Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*Irwin & Page, John C. Hughes* and *J. M. Swallow* for appellants.

*Wattenbarger & Bingham* for respondent.

SHERWOOD, P. J.—Ejectment for lands in Sullivan county; answer filed by Susan Wright, in nature of general denial and also alleging that her name is Mary Susan Maloney, and not Susan Wright, and that she is the wife of Joseph B. Maloney.

Joseph B. Maloney in his answer also asserted that Susan Wright's name was, as stated in her answer. The answer also contained a general denial as well as an equitable defense.

To the answer of Joseph B. Maloney, plaintiff filed a replication containing equitable matters, and asking for affirmative relief.

The cause went to a hearing, with the result that the court found the facts in issue in favor of plaintiff, and against defendants, and gave judgment and decree for plaintiff.

At the end of the finding of facts aforesaid, appears this statement:

"Given under my hand and seal this twenty-seventh day of April, 1897.

"P. C. Stepp.    (Seal.)

"Judge of the Circuit Court of Grundy county within and for the Third Judicial Circuit of Missouri."

This signing of the finding of facts can not be regarded as a signing of the bill of exceptions, and this is apparent for more reasons than one: Such signature is not accompanied by the formula which usually attends a judge's signature when subscribed to a bill.

The transcript of the record, subsequent to the signing of the judge's name aforesaid, is in these words:

"H. M. Cooper, Plaintiff,
    against
"J. B. Maloney et al., Defendants.

"Defendants have until and during the first day of August, 1897, in which to file their bill of exceptions.

"And afterwards, to-wit, on the twenty-seventh day of July, 1897, in vacation of said court, and within the time allowed the defendants by this court in which to file their bill of exceptions, the following further proceedings were had in said cause to-wit:

"H. M. Cooper, Plaintiff,
    against
"Joseph B. Maloney and Susan Wright, Defendants.

"Defendants file their bill of exceptions, which are signed

and sealed by the judge of this court, and made a part of the records in this cause."

The statement in the transcript written after the close of the term, or even if written in the record proper, could not supply the defect of the absence of the judge's signature to the bill of exceptions, and without such signature there is no bill of exceptions. [Darrah v. Steamboat, 17 Mo. 276; Smith v. Railroad, 55 Mo. 601; Garth v. Caldwell, 72 Mo. 622.]

Furthermore, the quotation from the transcript shows that the bill of exceptions, if signed at all, was signed on the *twenty-seventh day of July, 1897;* but no such signature of the judge of that date appears; and the signature of the judge, heretofore copied, bears date the *twenty-seventh day of April, 1897,* three months *before* the bill of exceptions was ready to be signed.

Moreover, even if the signature of the judge aforesaid, of date April 27, 1897, could be regarded as signed to the bill of exceptions, still defendants would be in no better plight, because their motion for a new trial follows *after* the judge's signature; is consequently not incorporated in the so-called bill of exceptions, nor is it referred to therein, and the clerk called upon to copy it. [State v. Griffin, 98 Mo. 672; State v. Campbell, 115 Mo. 391.]

For these reasons, there being no bill of exceptions, and if there were, no valid motion for a new trial, only the record proper can be considered; and there being no error apparent in that, judgment affirmed.   All concur.