Reno v. Fitz Jarrell.

---

RENO et al., Appellants, v. FITZ JARRELL et al.

Division Two, June 11, 1901.

1. **Bill of Exceptions: IDENTIFYING: RECITALS IN RECORD.** A recital in the record that, "plaintiff's bill of exception filed, which said bill of exception is signed and sealed by the court and made a part of the record herein; said bill of exceptions being fully set out in the foregoing transcript," does not so authenticate or identify the bill as to justify the appellate court in considering it as a part of the record.

2. ———: **NOT SIGNED BY JUDGE.** If the bill of exception lacks the signature of the judge, it is no bill at all.

3. **Diminution of Records: AFTER JOINDER.** One rule of the Supreme Court is that "no suggestion of diminution of record in civil cases

163 411
166 563
163 411
168 1491
163 411
100a 1690
163 411
102a 1315
102a 1663

will be entertained after joinder in error except by consent of parties," and this rule will be adhered to although the fatal defect in the record be discovered by the court.    (Overruling Linahan v. Barley, 124 Mo. 560.)

Appeal from Daviess Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Hicklin & Hicklin* for appellants.

*Alexander & Allen* for respondents.

SHERWOOD, P. J.—After the motion for new trial and in arrest were filed and denied, and after the record shows affidavit for appeal filed and granted, and bond for appeal given, then occurs these statements of record, marked 1 and 2:

"1. And afterwards, to-wit, on the eighth day of the regular September, 1897, term of said court, it being the fifteenth day of September, 1897, the following other proceedings were had in said cause to-wit:

"Ellen Reno et al., Plaintiffs,

v.

Catherine Fitz Jarrell et al., Defendants.

"2.    Plaintiffs' bill of exceptions filed, which said bill of exceptions is signed and sealed by the court and made a part of the record herein.    Said bill of exceptions being fully set out in the foregoing transcript."

The object of a recital in the record that a bill of exceptions has been filed, is to authenticate the bill, and to identify *it as the bill thus filed.*    There is nothing in record recital

No. 2 to *identify the bill.* Whereabouts "in the foregoing transcript" is "said bill of exceptions fully set out?" The usual and correct formula for a record entry in regard to filing a bill is like this:

Now on this eighth day of January, 1901, comes the plaintiff in the above entitled cause, and by leave of court files herein his bill of exceptions, which bill of exceptions is in the words and figures following:

Then follows the bill of exceptions, and at its close is something like this: And the plaintiff in the above entitled cause presents this his bill of exceptions to me, the undersigned judge, and asks that the same be signed, sealed and made a part of the record in this cause which is accordingly done, this eighth day of January, 1901. Then follows the signature and seal of the judge, date, etc.

In this way the bill of exceptions is, *at each end,* positively and plainly authenticated and identified. In this case, however, at what might be supposed to be the beginning of the bill of exceptions, occur these recitals:

"In the circuit court of Daviess county, Missouri, December term, A. D., 1895.

"Ellen Reno et al., Plaintiffs,

v.

Catherine Fitz Jarrell et al., Defendants.

"Be it remembered that upon a trial of this cause the following proceedings were had."

We might conjecture that the bill of exceptions began where the above words occur, but this is no place for conjectures.

Besides all that, the signature of the judge to the bill is

wholly lacking.   Lacking such signature it is no bill of exceptions.   [Cooper v. Maloney, 162 Mo. 684, and cas. cit.]

For these reasons, there is nothing for our consideration but the record proper, and as no error is apparent there, judgment affirmed.

All concur.

## ON REHEARING.

SHERWOOD, P. J.—A motion for rehearing has been filed herein and also a diminution of the record suggested.

We have had for many years in this court a rule on the subject of diminution of record, number 4, which provides that: "No suggestion of diminution of record in civil cases will be entertained by the court after joinder in error, except by consent of parties."

We have been cited to the case of Linahan v. Barley, 124 Mo. 560, where it is ruled that if "a fatal defect" in the record is discovered *by the court;* one not pointed out by counsel, that then and there rule number 4 does not apply, and you can, after submission, suggest diminution, whether your adversary consents or not.   It is easy enough to see that this ruling wipes out the rule.

The rule says you shall not, after submission, suggest diminution unless by consent; the opinion says you may, if the *court* discovers the fatal defect, thus defeating and overthrowing the only exception the rule contains, by substituting another exception it does not contain.   We will not follow that opinion but overrule it, and doing this, deny the motion for a rehearing.   All concur.