State v. Baty.

---

## THE STATE v. BATY, Appellant.

Division Two, February 4, 1902.

166   561
168   ¹491
166   561
97a   ²320

1. **Criminal Law:** BILL OF EXCEPTIONS: RECORD. Where, in a criminal case, there was nothing in the record proper which preceded and identified what supposedly was the bill of exceptions, and in the concluding entry, after entitling the case, there was a recital made in vacation, "And now comes defendant by his attorney and files his bill of exceptions," the bill was not properly identified, and the evidence could not be considered.

2. ———: ———: ———: JURISDICTION OF COURT: PRESUMPTION. Where the record of a court of general jurisdiction is silent about a matter necessary to confer jurisdiction, the existence of such matter, nothing appearing to the contrary, will be presumed.

Vol 166 mo—36

State v. Baty.

3. ———: ADJOURNMENT OF COURT: PRESUMPTION OF CLERK'S MIS-
PRISION. The record of the circuit court showed that a criminal
cause was, by agreement made during the August term, set for trial on
the first Monday in October. It showed that the court met on Octo-
ber 1, that being the seventh day of the August term and the first
Monday in October, and that it so met pursuant to adjournment.
*Held*, sufficient, though not showing an adjournment to the first
Monday in October; it being presumed, in support of jurisdiction, that
the want of the entry was the misprision of the clerk.

Appeal from Osage Circuit Court.—*Hon. R. S. Ryors*,
Special Judge.

AFFIRMED.

*Frank H. Farris, E. M. Zevely* and *A. K. Monroe* for
appellant.

No record of an adjournment appears, from the August
term, 1900, to the first Monday in October, 1900. This fact
can only appear by record. Milan v. Pemberton, 12 Mo. 394;
Dennison v. County of St. Louis, 33 Mo. 168; R. S. 1899, secs.
1603, 1604, 1605, 1679. In criminal causes jurisdiction can
not be conferred by consent of the accused. City of Kansas
v. Knott, 78 Mo. 356. An adjourned term can be held only
in the way pointed out by statute. There must be an order
of record. R. S. 1899, sec. 1605.

*Edward C. Crow*, Attorney-General, and *Jerry M. Jef-
fries* for the State.

The record shows that this cause was by agreement set
for trial on the first Monday of October, 1900. This agree-
ment was made on the twenty-fifth day of August, 1900, dur-
ing the regular August term of the circuit court of Osage
county. The defendant complains that the record does not
show the adjournment of the court from the month of Au-
gust or at any date, to meet on the first Monday of October.

His motion for a new trial does not raise this point, and the clerk's certificate to the record would leave the implication that there is a record in his office showing wherein the court adjourned and met in adjourned term on the first Monday in October. Presumptions of regularity in the record of the trial court are always in favor of the trial court. State v. Dawson, 124 Mo. 418; State v. Harkins, 100 Mo. 666. If the court met pursuant to adjournment, there must be a record of adjournment, and had it been called for in the bill of exceptions or in the motion for a new trial, it would probably have been incorporated into this record. Defendant can not complain at this time. State v. Hicks, 92 Mo. 431; State v. Stubbs, 116 Mo. 523; State v. Patterson, 124 Mo. 543.

SHERWOOD, P. J.—The defendant, on a charge of murder in the first degree, was convicted of the second degree of that crime and his punishment assessed at ten years in the penitentiary.

The indictment charged that defendant killed George H. Hopkins, by giving him three mortal wounds on the head by striking, hitting and beating him on the head with a rock.

The evidence in this case can not be looked into by reason of the fact that the bill of exceptions has not been properly identified; nothing in the transcript to show where it begins.

There is nothing in the record proper which precedes and identifies what may be supposed to be the bill. And in the concluding entry, after entitling the case, there is this recital made in vacation: "And now comes defendant by his attorney, A. K. Monroe, and files his bill of exceptions as per rule of court."

Under the ruling in Reno v. Fitz Jarrell, 163 Mo. 411 (in which is given the usual and proper formula for identifying the bill of exceptions), the bill here has not been properly identified.

As to the record proper, no error has been discovered in that.

In reference to the record entries pertaining to this cause, the record shows that this cause was by agreement set for trial on the first Monday of October, 1900. This agreement was made on the twenty-fifth day of August, 1900, during the regular August term of the circuit court of Osage county. The defendant asserts that the record does not show the adjournment of the court from the month of August, or at any date, to meet on the first Monday of October. The record does show, however, that court met on the first day of October, 1900, it being the seventh day of the regular August term, 1900, and being the first Monday in October; and that it so met pursuant to adjournment.

Every presumption will be indulged in favor of the correctness of the action of a court of general jurisdiction, and that it proceeds by right and not by wrong. [Huxley v. Harrold, 62 Mo. 516, and cas. cit.; State v. Harkins, 100 Mo. 666.]

If the record is silent about a matter necessary to confer jurisdiction, or more properly, to cause it to attach in the particular instance, the existence of such matter (nothing appearing of record to the contrary) will be presumed, and it will be presumed that where some regular and formal intermediate entry should have been made, which does not appear in the transcript, such absence was occasioned by the misprision of the clerk, and will not, therefore, operate a reversal of the judgment.

For these reasons, judgment affirmed. All concur.