## THE STATE v. WEINEGARD, Appellant.

Division Two, May 13, 1902.

1. **Criminal Law:** APPEAL: BILL OF EXCEPTIONS: AUTHENTICATION. Where the transcript on an appeal is sent in two sections, one supposably intended for the bill of exceptions, without any preliminary heading or authentication, and the other containing an undated statement that a bill of exceptions was filed in the cause, but not identifying or authenticating the other section as such bill, such papers can not be considered.

2. ————: ————: ————: DENIAL OF MOTION FOR NEW TRIAL: NO EXCEPTIONS. Where the bill of exceptions does not show that an exception was saved to the ruling of the court denying a motion for new trial, no examination can be had of trial error, though the record proper contains a recital that defendant excepted to the ruling.

Appeal from Jackson Criminal Court.—*Hon. Jno. W. Wofford*, Judge.

AFFIRMED.

*J. H. McVay* for appellant.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

SHERWOOD, P. J.—Ninety-nine years was the term in the penitentiary awarded defendant, who, being tried for murder in the first degree (for that he shot William A. Simpson to death with a revolver), was convicted of murder in the second degree. Not being satisfied with what he asserts was an erroneous trial, consummated by such an erroneous result, defendant appeals to this court.

There is no error in the record proper; but there are two fatal defects which will prevent our examination into the points presented in the supposed bill of exceptions, which are these:

In the first place, the transcript has been sent here in two sections; one of them presenting what supposably is intended for the bill of exceptions, without any preliminary heading or authentication; the other section containing an undated statement that a bill of exceptions was filed in the cause as above entitled; but such a statement is obviously and absolutely insufficient to identify or authenticate the bill in question, and so we have repeatedly ruled. [Reno v. Fitz Jarrell, 163 Mo. 411; State v. Baty, 166 Mo. 561; State v. May, 168 Mo. 122.]

In the second place, even if the so-called bill of exceptions had been properly identified and authenticated, still the fact remains that when the motion for a new trial was denied, there was no exception saved to the ruling of the court in this regard; at least the bill shows nothing of the kind; and we have repeatedly held that unless such an exception be saved, no examination can occur into the alleged trial errors. [State v. Gilmore, 110 Mo. 1, and subseq. cas.]

And although the record proper contains a recital that defendant did except to the ruling of the court, still this would not answer, as the overruling of a motion is a matter purely of exception, and the bill of exceptions the only repository known to the law where matters of exception can be preserved. [Nichols v. Stevens, 123 Mo. loc. cit. 119; Ryan v. Growney, 125 Mo. loc. cit. 480; State v Taylor, 134 Mo. loc. cit. 137; State v. Prather, 136 Mo. loc. 25; Critchfield v. Linville, 140 Mo. loc. cit. 192; State v. Wear, 145 Mo. loc. cit. 205, and subseq. cas.]

For these reasons, we affirm the judgment. All concur.