## KILCULLEN, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

### St. Louis Court of Appeals, November 1, 1904.

1. **LIFE INSURANCE: Application: Delivery of Policy:** An application for life insurance was accompanied by a payment on account of the first premium, for which the company gave a receipt with the following stipulation: "No insurance is in force upon the application unless and until a policy be issued thereon and delivered in accordance with its terms." The policy was issued containing the following condition: "No obligation is assumed by this company upon this policy until the first premium has been paid and the policy duly delivered nor unless upon the date of delivery the insured is alive and in sound health." This policy was sent to the agent who took the application but the applicant died before the policy was delivered or the balance of the first premium paid or any notice given him by the company of his acceptance. *Held*, the policy was never effective as a contract of insurance.

2. ———: ———: ———. Nor was the sending of the policy to the agent a delivery to the applicant although the policy provided that the party filling out the application which was done by the said agent should be the agent of the person applying for the insurance because his agency for the applicant was limited to that particular act without affecting his agency for the company for the purpose of delivery.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough*, Judge.

AFFIRMED.

*Butler & Walsh* and *Hugh D. McCorkle* for appellant.

A contract of insurance is complete and binding on both parties where the applicant has paid the amount of

premium to the agent of the company, and the company has accepted the application and issued a policy and sent it to its agent to be delivered. Ins. Co. v. Thomson, 22 S. W. 87, 14 Ky. Law 800; Cooper v. Ins. Co., 7 Nev. 116; Dailey v. Accident Assn., 26 L. R. A. 171; Hallock v. Ins. Co., 26 N. Y. 268; Yonge v. Ins. Soc.; 30 Fed. (C. C.) 903; Life Ins. Co. v. Ins. Co., 23 Pa. St. 65; Sheldon v. Ins. Co., 25 Coon 207, 65 Am. Dec. 565; Life Ins. Co. v. Herron, 56 Miss. 643; Heiman v. Life Ins. Co., 17 Minn. 153 (Gd. 127).

*Nathan Frank* and *Richard A. Jones* for respondent.

REYBURN, J.—As the history and theory of this action loom up from the pleadings, although diffuse, they may legitimately be presented, the substantial averments being thus set forth by plaintiff in her petition:

"Plaintiff for her first cause of action states that she is the mother of Sylvester Kilcullen, deceased, that on the second day of April, 1901, Sylvester Kilcullen made application to defendant through its agent, J. Concannon, for a policy of insurance in the sum of one thousand dollars ($1,000), naming this plaintiff as beneficiary; that on the seventh day of April, 1901, acting under instructions given by defendant's agent, J. Concannon, Sylvester Kilcullen submitted to a medical examination made by Dr. M. E. Haase, a medical examiner for defendant, and said application was accepted and a policy issued; that on the eighth day of April, 1901, Sylvester Kilcullen paid to J. Concannon, defendant's agent aforesaid, the semiannual premium on the policy of insurance for one thousand dollars ($1,000), said payment being the sum of fourteen dollars and twenty-three cents ($14.23) the receipt for which is hereby filed and marked plaintiff's exhibit A.

"The plaintiff further states that subsequently on the eighteenth day of April, 1901, the defendant did deliver into the hands of its agent, the said Concannon, the said policy of insurance for delivery to said Sylvester Kilcullen.

"Plaintiff further states that on the twenty-first day of April, 1901, the said Sylvester Kilcullen died.

"Plaintiff further states that owing to the carelessness and negligence of the defendant's agent, J. Concannon aforesaid, in failing to turn over to the custody of plaintiff or the said Sylvester Kilcullen, the said policy of insurance, the contents of said policy with its number can not be specifically here set forth. Plaintiff further states that at the time of the making of the application for the said insurance the said Sylvester Kilcullen was in good health and that no misrepresentations were made by said Sylvester Kilcullen in his application for the insurance aforesaid, but that all conditions and requirements of the defendant and its agents were complied with as fully and thoroughly as they could be.

"Plaintiff further states that the death of the said Sylvester Kilcullen was not caused or superinduced by the use of intoxicating liquors, nor by the use of any narcotics or opiates, nor in violation or an attempt to violate a criminal law.

"Plaintiff states that within a reasonable time, to-wit: On the seventh day of July, 1901, due notice of the death of Sylvester Kilcullen was given defendant by her attorneys and payment of the sum of one thousand dollars ($1,000) duly demanded, but plaintiff states that all demands were refused and the said one thousand dollars ($1,000) still remains unpaid.

"Therefore plaintiff prays for judgment in the sum of one thousand dollars ($1,000), the full amount written in the policy and damages are provided in section 8012, Revised Statutes 1899.

"Plaintiff for her second and other cause of action states that she is the mother of Sylvester Kilcullen, deceased, that on the second day of April, 1901, Sylvester Kilcullen made application to defendant through its agent, J. Concannon, for a policy of insurance in the sum of one thousand dollars ($1,000), naming this plaintiff as beneficiary; that on the seventh day of April, 1901, acting under instructions given by defendant's agent, J. Concannon, Sylvester Kilcullen submitted to a medical examination made by Dr. M. E. Haase, a medical examiner for the defendant and said application was accepted and a policy issued; that on the eighth day of April, 1901, Sylvester Kilcullen paid to J. Concannon, defendant's agent aforesaid, the semi-annual premium on the policy of insurance for one thousand dollars ($1,000), said payment being the sum of fourteen dollars and twenty-three cents ($14.23), the receipt for which is hereby filed and marked plaintiff's exhibit A.

"Plaintiff further states that subsequently on the eighteenth day of April, 1901, the defendant did deliver into the hands of its agent, the said Concannon, the said policy of insurance for delivery to said Sylvester Kilcullen.

"Plaintiff further states that on the twenty-first day of April, 1901, the said Sylvester Kilcullen died. Plaintiff further states that defendant's servants did negligently and carelessly fail to deliver the said policy into the manual possession of this plaintiff or to Sylvester Kilcullen, deceased, on the eighteenth day of April, although on that date defendant was alive and in good health and that the defendant still has the policy of insurance aforesaid in its possession and has failed to deliver said policy and though frequently demanded, refused to deliver this policy of insurance aforesaid to this plaintiff.

"Plaintiff further states that under the terms of agreement, which Sylvester Kilcullen entered into at

the time of the payment of the first semiannual premium on the policy aforesaid, the said Sylvester Kilcullen was bound to accept the policy of insurance issued by the defendant or forfeit to defendant the money paid as the first semiannual premium as aforesaid.

"Plaintiff further states that owing to the refusal of defendant to deliver the said policy of insurance to this plaintiff the number of said policy with its contents can not be here specifically set forth.

"Plaintiff further states that defendant holds said policy of insurance wholly without right, that plaintiff is entitled to said policy under the agreement which defendant entered into with the said Sylvester Kilcullen, deceased, and plaintiff therefore prays this court for an order decreeing the specific performance of the contract entered into by the defendant and said Sylvester Kilcullen, and that said policy of insurance aforesaid be delivered to this plaintiff and for such other order as shall seem to this court meet and just."

In defense defendant made answer to both counts denying generally and, proceeding, interposed, "That on or about the second day of April, 1901, the Sylvester Kilcullen mentioned in plaintiff's petition a written application for a policy of life insurance of defendant, and the same was afterwards forwarded to defendant's home office in the city of New York for its action thereon; admits that at the time said application was made there was received from said applicant, by one of its agents, J. Concannon, at the city of St. Louis, Missouri, the sum of $14.23; but expressly denied that said sum of money or any part thereof was received for or on account of premium on policy of insurance, or for any other purpose than is expressly stated in written receipt delivered to and accepted by the said Sylvester Kilcullen, being the same receipt mentioned in plaintiff's petition and filed in this cause, which said receipt is in words and figures as follows:

" 'Received from Mr. Sylvester J. Kilcullen, fourteen and 23-100 dollars, on account of application made this day for insurance in the Metropolitan Life Insurance Company. Said amount is to be applied on account of the policy, if one be issued by said company, or to be returned to applicant if the company shall decline this application. If policy is issued and applicant refuses to accept it and pay balance of first premium, the advance payment will be forfeited to the company. No insurance is in force upon the application unless and until a policy be issued thereon and delivered in accordance with its terms.'

"That said Concannon had no other or further authority to receive said sum for any other purpose than therein expressed. That the character of policy applied for by the applicant contains amongst other written conditions the following:

" 'No obligation is assumed by this company upon this policy until the first premium has been paid, and the policy duly delivered nor unless upon the date of delivery the insured is alive and in sound health.

" 'The contract between the parties hereto is completely set forth in this policy and the application therefore taken together, and none of its terms can be waived or modified, nor any forfeiture waived or premiums in arrears received except by agreement in writing signed by either the president, vice president, secretary or actuary, whose authority for this purpose will not be delegated; no other person has or will be given authority.'

"That said policy was not delivered to nor accepted by said Sylvester Kilcullen nor was there ever any insurance on his life in force thereunder; that the amount so as aforesaid paid to the said Concannon by the said Sylvester Kilcullen, prior to the commencement of this action was tendered back to the said Catherine Kilcullen, which was refused and is herewith tendered

into court for the use and benefit of said plaintiff or whomsoever the court may determine is entitled thereto."

A general denial by plaintiff in reply perfected the issues, which were tried by the court as a jury, and a finding and judgment for defendant entered. From the record it may be inferred, though rather obscurely disclosed, that the insured on the second of April applied in writing for insurance to an agent of defendant in the city of St. Louis, and this request was forwarded in due course of business for consideration to the home office of defendant in New York City, and a policy transmitted to the branch office in St. Louis, arriving April 18. Pending action upon the application, a payment on account of the premium had been made by the applicant to the agent who solicited the business, and the receipt appearing in defendant's answer exchanged therefor, the money being deposited with and retained by the cashier at St. Louis, awaiting instructions from New York for the consummation of the contract by delivery of the policy to the insured. Upon receipt of the policy in St. Louis, it was deposited by the agent in charge of the branch office in the box of the subagent, who had obtained the application. While the policy was thus in St. Louis but without its manual possession, the soliciting agent called Saturday evening at dwelling of the insured with the purpose of imparting the information that the policy had issued and intending to deliver it on Monday, but he failed to see the insured who had been attacked by the mortal illness which caused his death the day following. On Monday, April 22, the delivery of the policy was refused the father of deceased who demanded it, disclosing the death of his son.

As intimated, the record is presented in form so vague and indefinite that, yielding to the general rule that every presumption will be assumed in favor of the correctness of the ruling of the trial tribunal as a court

of general jurisdiction, this judgment with propriety and in conformity to the rules of the court might be summarily affirmed. Reno v. Fitz Jarrell, 163 Mo. 411, 63 S. W. 808; State v. Baty, 166 Mo. 561, 66 S. W. 428. However, it may be stated that the finding of the inferior court could not properly have been otherwise than for defendant upon the state of facts herein exhibited. The effort of the deceased to obtain a policy of insurance was but an invitation or proposal, which was entertained by defendant upon the terms expressed in the receipt for the premium payment and the latter received upon the conditions therein recited. The application being a naked offer to enter into a contract of insurance, the defendant was at liberty to accept or reject it at its pleasure, and if accepted, it was entitled to interpose such conditions as it saw fit. It therefore reserved, among others, the right to require before the delivery of the policy, that the conditions under which the proposition had been made and favorably considered by it remained undisturbed and unchanged, and that the subject of insurance continue alive and in good physical condition. The contract itself could not become effective until the proposition submitted to the opposite party had been accepted on the terms the latter recited and defined and notice of such acceptance conveyed to the proposing party. The mere act of passing the manual possession of the instrument evidencing the contract to be entered into might have been dispensed with where, in such event, the defendant had communicated the assured by other method the acceptance of the proposal, thereby completing the contract, but in this case no intimation or other means were resorted to and the policy of insurance remained in the custody of defendant's agents without being delivered, and the contract failed of consummation and never became operative. These principles have been considered and recognized in recent decisions of our Supreme Court. In Cravens v. Ins. Co., 148 Mo. l. c. 599, 50 S. W. 519,

Judge BURGESS, speaking for the court, declares, ''However perfect in form the contract may have been and although all of its other terms and conditions may have. been complied with, payment of the premium during the life and good health of the assured and delivery of the contract to him were conditions precedent in order to complete its execution.'' And in the analogous succeeding case of Horton v. Ins. Co., 151 Mo. l. c. 620, 52 S. W. 356, wherein the above case is approved, the court says, ''Until there is an active or constructive notice to the other party of the acceptance it is still in the breast of the acceptor and may be revoked before it becomes binding.'' The line of authorities to same effect is abundant in other jurisdictions as well as in this State. Markey v. Mutual, etc., Co., 103 Mass. 78; Misselhorn v. Mutual, etc., Assn., 30 Fed. 545; Kohen v. Mutual, etc., Assn., 28 Fed. 705; Walker v. Ins. Co., 51 Iowa 679; Schwartz v. Ins. Co., 18 Minn. 448.

Nor is it the contention of plaintiff that defendant compelled the applicant to constitute its soliciting agent his agent tenable. While the policy created the party filling out the application the agent of the person applying for the insurance, the latter was not restricted in his nomination of the party to perform such clerical service, and if his choice fell upon an agent of the insurance company, the special agency of the latter was limited to such particular act but without affecting his agency of defendant, and that such was the true relation of the agent securing the application is demonstrated by the allegations of the plaintiff and the proof introduced. Under the express terms of the conditional receipt for the advance payment, as well as by the distinct provision of the policy applied for, the contract did not become perfected and the insurance did not attach until and after the policy had been delivered and unless the insured at the time of such delivery was alive and in sound health. Judgment affirmed. All concur.