## METZ, Respondent, v. SUTTON, Appellant.

St. Louis Court of Appeals, March 7, 1905.

1. BILL OF EXCEPTIONS: Refusal of Judge to Sign: Bystanders. A bill of exceptions signed by bystanders, under the statute, is invalid and can not be considered by the appellate court unless it is shown that the judge refused to sign the same and why he refused.

2. ————: Identification. A bill of exceptions can not be considered in an appellate court where there is no recital nor entry to be found anywhere in the record by which the bill may be identified.

Appeal from Cape Girardeau Circuit Court.—*Hon.
Henry C. Riley,* Judge.

AFFIRMED.

*Oren Wilson* for appellant.

*Edward D. Hays* for respondent.

BLAND, P. J.—In State ex rel. Millett v. Field,
37 Mo. App., the Kansas City Court of Appeals, in
respect to the signing of a bill of exceptions by by-
standers, at pages 93 and 94, says:

"Under the provisions of our statute law there is a
way to perfect and settle a bill of exceptions, provided
the judge of the circuit court shall act in the matter.
If the bill as presented by the litigant, is true, then
there is a mandatory obligation on the judge to allow
and sign the same, and it thereby becomes a part of the
record of the cause.   R. S., secs. 3635 and 3639.

"If such bill, in the opinion of the judge is untrue,
then the judge may refuse to sign the same for that
reason, 'and he shall certify thereon the cause of such
refusal.' R. S., sec. 3637.   Then a further step is pro-
vided, to-wit:   By section 3638, Revised Statutes, after
such refusal by the judge (and the refusal on the bill
indorsed) the litigant may secure the same to be signed
by three bystanders, and it shall then again be presented
to the judge, and he shall, if he shall then believe it to
be true, permit the said bill to be filed.   Then, further,
if the judge even yet refuse to permit such bill to be
filed, 'and shall have certified that it is untrue,' then
(and only then) is it permitted either party to 'take
affidavits, not exceeding, five in number, in relation to
the truth of such bill.' R. S., sec. 3640."

The bill of exceptions in this case is signed by three
bystanders and it is stated in the abstracts that the
judge who tried the case refused to sign the bill of ex-

ceptions, but there is nothing from the judge to show that he refused to sign it or, if he did refuse, why he refused. For these reasons the bill is invalid and cannot be considered by an appellate court.

Another insurmountable obstacle in the way of the consideration of the bill is that there is neither a recital or entry to be found anywhere in the record by which the bill may be identified. Reno v. Fitz Jarrell, 163 Mo. 411, 63 S. W. 808; State v. Baty, 166 Mo. 561, 66 S. W. 428.

No error is assigned in respect to the record proper. It follows that there is nothing before us for review, and the judgment is affirmed. All concur.