STATE OF MISSOURI, Appellant, v. D. J. DONAHUE, Respondent.

**Springfield Court of Appeals, January 3, 1910.**

1. **APPELLATE PRACTICE: Criminal Case: Typewritten Record: Duty to Examine.** In a criminal case, notwithstanding no printed abstract of the record or brief is filed by the parties, but the state has, however, filed a complete typewritten transcript of the case, it is the duty of the appellate court to examine the record, including all the motions and everything that was done in the trial court.

2. **CRIMINAL LAW: Plea in Abatement: Appeal by the State.** The State cannot appeal from the judgment of the court sustaining a plea in abatement to an indictment.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

APPEAL DISMISSED.

GRAY, J.—On the 2d day of November, 1908, a special grand jury in Jasper county returned an indictment against the respondent, charging him with unlawfully keeping his dramshop open in said county on the first day of the week, commonly called Sunday. The defendant appeared and filed a plea in abatement, alleging a number of grounds in support thereof. The prosecuting attorney filed a demurrer to this plea in abatement, which was by the court overruled. After the overruling of the demurrer, the prosecuting attorney refused to plead further, and the court rendered a judgment sustaining the plea in abatement, and discharging the defendant. The prosecuting attorney filed an affidavit for an appeal, and the court allowed the same.

We have not been favored with any printed abstract of the record or brief by either side. The State has, however, filed with the clerk of this court a complete record of the case, including the information, plea in abatement, demurrer and the ruling of the court

State v. Donahue.

thereon, and therefore, it is our duty to examine this record, including all the motions and everything that was done in the trial court, as shown by the record. [Section 2716, Revised Statutes 1899; State v. Tuller, 122 S. W. 313.]

Can the State appeal from the judgment of the court sustaining a plea in abatement to an indictment? At the same time the court sustained the plea in abatement in this case, it did so in a number of other cases returned by the same grand jury, and in which the same pleas and demurrers were filed that were filed herein. The plaintiff appealed some of these cases to the Supreme Court, and on the 23d day of November, of this year, the Supreme Court sustained motions to dismiss the appeals, and held that the State has no right to appeal from an order of the court sustaining a plea in abatement.

The cases passed upon by the Supreme Court, are: State of Missouri, appellant, v. Ivis Craig, respondent, and State of Missouri, appellant, v. Fred Firey, respondent. In passing upon the case of State v. Craig, Judge GANTT said: "It being obvious in this case that the indictment was not quashed on a motion to quash, nor was a demurrer thereto sustained, nor has the indictment been adjudged insufficient on a motion in arrest, and as an appeal is only permitted the State in these cases, the motion to dismiss the appeal must be sustained, and it is so ordered."

We have no other duty to perform, but to follow the decision of the Supreme Court in these cases, and hence, the appeal will be dismissed. All concur.