ANDREW O. MILLER, Respondent, v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 23, 1910.**

1. **APPELLATE PRACTICE: Bill of Exceptions: Identification.** The record proper should show that a bill of exceptions was filed, and the transcript in the appellate court should identify the bill as the one signed and filed.

2. **CAUSE OF ACTION: Assignment: Subsequently Accruing Damages.** If damages accrue to several and the amount thereof is assigned to one of them, upon which assignment the action is brought, no damages accruing after the assignment can be recovered.

Appeal from Andrew Circuit Court.—*Hon. A. D. Burnes*, Judge.

AFFIRMED.

*L. W. Booher* and *I. R. Williams* for appellant.

*Sam Wilcox* and *Warren Rogers* for respondent.

Appellant's abstract of record fails to show that any bill of execptions was ever filed in this case. There is nothing before this court to review, since the only error upon which appellant relies is the court's action in sustaining plaintiff's motion for new trial. Lafollette v. Thompson, 83 Mo. 199; State v. Rolly, 135 Mo. 677; Finch v. Trust Co., 92 Mo. App. 263; Findley v. Gill, 80 Mo. App. 458; Roush v. Cunningham, 163 Mo. 173; Wilson v. St. L., etc., Co., 167 Mo. 323; Carter v. Prior, 78 Mo. 222.

ELLISON, J.—This is an action for damages for an alleged injury to plaintiff's land caused by defendant's improper construction of a culvert under its track whereby the water from a spring on plaintiff's land which adjoins defendant's railway was obstructed, and so forth. On a trial in the circuit court the defendant obtained a verdict. On plaintiff's motion the verdict was set aside for error in giving an instruction. Defendant thereupon appealed.

Objection is made to that part of the record which defendant calls the bill of exceptions. The ground of the objection is that while the record proper shows that it was ordered to be filed, it does not show that it was, in fact, filed as ordered; and that there is nothing to identify the bill that is presented to us by defendant as the bill which was signed by the judge and filed in the cause. The latter objection seems to be well taken. [Reno v. FitzJarrell, 163 Mo. 411; State v. Weinegard, 168 Mo. 490; McCord Rubber Co. v. St. Joseph Water Co., 181 Mo. 678, 691.]

There being no matter of exception before us we must assume the court's action was well taken in sustaining plaintiff's motion, and as there is to be a new trial we will indicate our opinion of the cause of action stated in plaintiff's petition.

It appears from the allegations therein that the land belonged to four persons as tenants in common. These were the plaintiff and three others. The damages are alleged to have amounted to fifteen hundred dollars and to have accrued to these four owners as tenants in common, including the plaintiff. It is then alleged that the other owners sold their interests to plaintiff and that they assigned their part of the damages to him and that he thereby became the sole owner of the full claim. It is then alleged that plaintiff became "entitled to the damage aforesaid, and now prays judgment against the defendant in the sum of fifteen hundred dollars, together with his costs."

It is thus clear that the only damage sued for is that damage of fifteen hundred dollars which accrued while all four owned the property and three-fourths of which they assigned to plaintiff.  That is the action stated and, of course, is the only cause which should be tried while the pleadings are in the present form.

We cannot undertake to say how the cause will be presented at another trial and will therefore not attempt to state any rule of damages or of evidence to show the amount and character of injury or damages. To attempt this beforehand might lead to confusion.

The judgment is affirmed.   All concur.