State v. Benton.

---

## STATE OF MISSOURI, Respondent, v. HENRY BENTON, Appellant.

Springfield Court of Appeals, April 1, 1912.

APPELLATE PRACTICE: Criminal Law: Examining Record Proper. In an appeal by defendant convicted of violating the Local Option Law, the transcript filed in the appellate court did not contain any bill of exceptions and there was nothing to examine but the record proper, which is examined and held to contain no substantial error.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*W. P. Elmer* for appellant.

*L. T. McGee,* Prosecuting Attorney, and *E. W. Bennett,* Assistant Prosecuting Attorney, for respondent.

NIXON, P. J.—Appellant was tried and convicted in the circuit court of Dent county for a violation of the Local Option Law alleged to have been in force in said county, and his punishment assessed at a fine of three hundred dollars and imprisonment in the county jail for a term of three months. An appeal was granted to this court. In attempting to perfect this appeal, appellant filed in this court a typewritten transcript which contains only the record proper, omitting entirely the bill of exceptions. The first seven pages of this transcript is taken up with matters of record proper. It was obviously intended that the bill of exceptions should be inserted after page seven because the following page is numbered "18," and the first line on page eighteen begins "Which said bill of exceptions is indorsed," etc. The bill of exceptions was entirely omitted. We therefore have none of the evidence, instructions, motion for new trial, etc., before us and have no way of ascertaining on what ground appellant relies for reversal. He has not even filed a brief. There is nothing therefore to examine in this case except the record proper which under the law we are required to pass on. [Sec. 5312, R. S. 1909; State v. Donahue, 139 Mo. App. 639, 124 S. W. 42.] The information is in proper form and sufficiently charges the offense of which the defendant was convicted. The record shows that the defendant was duly arraigned and entered his plea of not guilty. A trial was had by a

jury regularly impaneled, and a verdict of guilty returned, assessing the punishment as heretofore stated. Being unable to discover any substantial error in the record before us, the judgment of the trial court is affirmed. All concur.