## STATE OF MISSOURI, Respondent, v. FRANK BROWN, Appellant.

### Springfield Court of Appeals, June 3, 1912.

1. APPEAL AND ERROR: Bill of Exceptions: Failure to Sign Bill of Exceptions. On an appeal in a criminal case it appeared that the bill of exceptions was never signed by the judge of the court in which the case was tried and was wholly unauthenticated in this respect, and no substantial error appearing in the record proper the judgment was affirmed.

2. ———: ———: ———. The statutes provide that a bill of exceptions shall be signed and in case of the judge's refusal to sign the bill on the ground that it is untrue, he shall so certify thereon the cause for such refusal, and the statute provides how the bill may be signed by bystanders. A bill of exceptions not signed at all is a nullity.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*J. S. McPherson* and *T. J. Delaney* for appellant.

*Fred W. Barrett* for respondent.

NIXON, P. J.—Defendant was tried and convicted in the circuit court of Christian county charged with having violated the Local Option Law alleged to be in force in said county and his punishment was assessed at a fine of four hundred dollars. Defendant has appealed. The case was submitted to this court upon the record and what purports to be a bill of exceptions. The bill of exceptions was never signed by the judge of the court in which the case was tried and stands in this court wholly unauthenticated in this respect. Sections 2028 and 5245, Revised Statutes 1909, require that the bill of exceptions be signed, and section 2030, Revised Statutes 1909, provides that if the judge refuse to sign the bill on the ground that it is untrue, he shall certify thereon under his hand the cause for such refusal, and the succeeding section provides how the bill may be signed by bystanders. A bill of exceptions not signed at all is a nullity. [Smith v. Railway, 55 Mo. 601; Klotz v. Perteet, 101 Mo. 213, 13 S. W. 955; Garth v. Caldwell, 72 Mo. 622; Reno v. Fitz Jarrell, 163 Mo. 411, 63 S. W. 808; Roberts v. Jones, 148 Mo. 368, 49 S. W. 985.] There is nothing before us, therefore, except the record proper which we have carefully examined as we are required to do. [Sec. 5312, R. S. 1909; State v. Donohue, 139 Mo. App. 639, 124 S. W. 42; State v. Benton, 163 Mo. App. 39, 145 S. W. 833.] The information is in the approved form and sufficiently charges the offense of which the defendant was convicted. The record shows that the defendant was duly arraigned and entered his plea of not guilty. A trial was had by a jury regularly impaneled, and a verdict of guilty rendered, assessing the punishment as hereinbefore stated. Finding no substantial error in the record before us, the judgment of the trial court is affirmed. All concur.