THE STATE v. ROY WATTS, Appellant.

Division Two, March 12, 1913.

BILL OF EXCEPTIONS: Not Signed by Judge: Certificate of Clerk. If the transcript filed in the Supreme Court does not show that the copy of the bill of exceptions embodied therein was signed and sealed by the trial judge, said bill of exceptions cannot be considered on appeal, and there is nothing for review except the record proper. Nor is the defect supplied by an embodiment in the transcript of a record entry that the bill of exceptions had been filed in vacation and had been "signed and allowed" by the trial judge. Whether the case be civil or criminal, it must be made to appear that the bill of exceptions itself, as embodied in the transcript filed in the Supreme Court, was signed and sealed by the judge of the trial court.

Appeal from Madison Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*Noell & Noell* for appellant.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney-General, for the State; *A. W. Stewart* of counsel.

WALKER, J.—Defendant appeals from a conviction in the circuit court of Madison county, for seduction under section 4478, Revised Statutes 1909, his punishment having been assessed at twelve months' imprisonment in the county jail and a fine of one thousand dollars.

The transcript of the proceedings filed here discloses a commingled mass of record entries, testimony, instructions given, copies of motions **Bill of Exceptions.** for a new trial and in arrest and the overruling of same with defendant's exceptions, the affidavit for appeal and the granting of same; to all of which is appended a record entry signed by the clerk, as follows:

"Now on this 22nd day of August, 1912, in vacation of the circuit court of Madison county, Missouri, comes Roy Watts, by his attorney, and files his bill of exceptions in the above entitled cause, the same being duly signed and allowed by Honorable Peter H. Huck, judge of the said circuit court."

This is followed by the usual formal certificate as to the correctness of the transcript, which is properly signed by the clerk with the seal of the court imprinted thereon.

The copy of the bill of exceptions, embodied in this transcript, does not show that the trial judge allowed and signed the same. If this is essential to a complete bill, we are precluded **Not Signed by Judge.** from examining anything except the record proper.

Bills of exceptions were unknown to the common law, being first authorized by the Statute of 13 Edward I, chap. 31. This statute provided in brief that

"whenever anyone alleged an exception the justice should put his seal thereto for a witness." This statute in effect required the trial judge to sign the exception because the use of his seal was at that time a surer attestation of the truth of the bill than his signature; and this was the purpose of the statute. The origin of similar provisions to be found in the codes of many States is traceable to this early English statute.

The requirements of our statute in this regard are that "whenever, in the progress of any trial in any civil suit pending in any court of record, either party shall except to the opinion of the court, and shall write his exception and pray the court to allow and sign the same, the person composing the court shall, if such bill be true, sign the same." [Sec. 2028, R. S. 1909.] This rule of procedure was first enacted in 1822, and has been carried forward through each successive revision of the statutes without material change. Bills of exceptions in criminal cases are, under an express section of the code of criminal procedure (Sec. 5245, R. S. 1909), to be "settled, signed, sealed and filed as now allowed by law in civil actions." The rulings of this court, therefore, that bills of exceptions shall be signed by the trial judge are applicable to criminal as well as civil cases. Notwithstanding the record entry of the clerk that the bill was duly signed and allowed by the trial judge, lacking the latter's signature, it is no bill. [Roberts v. Jones, 148 Mo. 368; Reno v. Fitz Jarrell, 163 Mo. 411.] In State v. Collins, 196 Mo. 87, the same rule is announced. In a later case involving the same question, the court, speaking through Fox, J., said:

*Applies to Criminal Cases.*

*Clerk's Recital.*

"At the very threshold of the consideration of this cause we find that the record fails to disclose any authenticated bill of exceptions by which the objec-

tions and exceptions to the action of the court during the progress of the trial were preserved. There is an entire absence in this record of a bill of exceptions purporting to have been duly signed and sealed by the trial judge. While it does appear that there is a transcript on file in which matters of record proper and evidence are all mingled together, and at the close the clerk certifies that the defendant comes in vacation and files herein his bill of exceptions in this cause, which is duly signed and sealed by the Hon. Hugh Dabbs, Judge, there is absolutely nothing which shows that a bill of exceptions is embraced within this record, and this statement by the clerk is insufficient to authorize this court to review anything except the record proper." [State v. Brown, 216 Mo. l. c. 377.]

On appeals in criminal cases it becomes the duty of the clerk of the court in which the proceedings were had to make out, under section 5308, Revised Statutes 1909, a full transcript of the record in the case, including the bill of exceptions, judgment and sentence, and certify and return the same to the clerk of the Supreme Court. The bill of exceptions required by this section to be embodied in the transcript should, under the authorities cited, contain a copy of the trial judge's allowance of such bill, and of his signature thereto.

As we have stated, this requisite is absent from the transcript in the case at bar. The language of this court in Garth v. Caldwell, 72 Mo. l. c. 627, in discussing a defect in a bill of exceptions identical with the one under consideration, is not inappropriate here. The court said: "What has become of the bill of exceptions signed by the judge, does not appear, nor is it material for our present purpose to inquire. It is sufficient for us to say that what is termed the original bill of exceptions is not signed by the judge, and, therefore, cannot be regarded by us as preserving any

of the matters said to be contained therein." [Garth v. Caldwell, 72 Mo. 1. c. 627.]

Under this well-established rule we are, therefore, precluded from examining anything in this case except the record proper; finding no error therein, the judgment of the trial court is affirmed, and the sentence which the law pronounces is ordered to be executed. *Brown, P. J.,* and *Faris, J.,* concur.