Roberts et al. v. Jones et al., Appellants.

### Division Two, February 21, 1899.

1. **Appeals:** BILLS OF EXCEPTIONS: SIGNED BY JUDGE: PUBLIC ROAD. Bills of exceptions must be signed by the judge, and unless so signed there is nothing before the appellate court for review except the record proper, which, in a suit to establish a public road, consists of the petition, notice, order appointing commissioners, their report, order of county court approving the same, the order directing the road to be opened, and the judgment of the circuit court to which the case was taken by appeal.

2. ———: ———: ———: CLERK'S RECITAL. A recital by the clerk at the close of what purports to be a bill of exception, to the effect that it is signed by the judge, when in fact his signature does not appear thereto, will not meet the statutory requirement that "the person composing the court shall, if such bill be true, sign the same."

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

DYSART & MITCHELL for appellants.

BERT. D. NORTONI, W. H. SEARS and A. W. MULLINS for respondents.

BURGESS, J.—This is a proceeding begun by the petitioners, W. D. Roberts and others, in the county court of Macon county, for opening a new road in said county. Commissioners were duly appointed by the court to assess damages to the landowners through whose land the road was to run, and who failed to give the right of way. They were ordered to assess the amount of damages to each tract of land separately, together with the name of each person interested therein. They thereafter made their report to the court which

was approved, and the road established. The court in the order and judgment establishing said road, assessed to the objectors the same damages allowed them by the commissioners. In due time the remonstrators appealed to the circuit court where the judgment of the county court was in all things affirmed, and the road established. Remonstrators then appealed to this court and assign many reasons why the judgment of the circuit court should be reversed and the proceedings dismissed. But there is no bill of exceptions here that can be regarded as such, since as was said in Garth v. Caldwell, 72 Mo. loc. cit. 626, "the bill which is said to contain the evidence and other proceedings had at the trial, has not been signed by the judge nor otherwise authenticated." Section 2167, Revised Statutes 1889, requires bills of exceptions to be signed by the judge, and an entry at the conclusion of what purports to be the bill of exceptions, to the effect that it is signed by the judge, when in fact his signature does not appear thereto as in this case, will not do.

There is then nothing before this court for review save and except the record proper, that is, the petition, notice, order appointing commissioners, their report, order approving the same, and ordering the road to be opened, and the judgment of the circuit court to the same effect, and none of these are challenged, nor is the record as a whole.

Finding no reversible error in the record we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.