Street v. Smith.

[No. 1229, July 1, 1909.]

J. A. STREET, Appellant, v. MINNIE SMITH, Appellee.

SYLLABUS (BY THE COURT).

1. Under section 67 of the Code of Civil Procedure material averments of the complaint not denied by the answer are taken as true.

2. Under Laws of 1907, Chapter 57, Section 24, where causes are tried without a jury, the certificate of the official stenographer is not alone sufficient to make the transcript of the testimony an element in the review of the case. Such transcript must in addition be properly certified as correct by the trial judge.

3. Upon a doubtful or deficient record every presumption is indulged in favor of the correctness and regularity of the decision of the trial court.

4. The present record examined and under the rules just stated the cause affirmed.

The facts are stated in the opinion.

Appeal from the District Court for Union County, before WILLIAM J. MILLS, Chief Justice. Affirmed.

M. C. MECHEM and C. C. DAVIDSON for Appellant.

"The pleadings in a cause are for the purpose of use in that suit, not mere ordinary admissions but judicial admissions." Wigmore on Evidence, secs. 1057, 1064; 2588;

1 Enc. of Evidence 399, note 3; White v. Smith, 46 N. Y. 418.

M. C. Mechem for Appellant on motion of Appellee to affirm judgment.

Where an appellant files his assignment of errors and transcript, but not until after the time for filing same has expired, a motion for affirmance on that ground not made until after appellant has filed his transcript will be denied. Armijo et al., v. Abeytia et al., 5 N. M. 533; C. L. 533; C. L. 1884, sec. 2189; L. 1907, ch. 57, sec. 21; 7 Cranch. 99; 10 Pet. 24; 3 Wall. 103; Evans v. Bank, 134 U. S. 330; U. S. v. Sena, 12 N. M. 397, and Haynes v. U. S. 9 N. M. 519, differentiated, L. 1901, ch. 99.

W. B. Bunker and W. J. Lucas for Appellee.

The failure of the appellant to follow either of the courses prescribed by Chapter 57 of the Laws of 1907 to have the testimony adduced in the trial of the cause in the District Court reviewed by the Supreme Court, deprives this court of jurisdiction to inquire into any of the proceedings of the court below except such as are evidenced by the record proper. Haynes et al., v. U. S., 9 N. M. 519; U. S. v. Sena, 12 N. M. 397.

In construing a judicial admission in a pleading the whole must be considered and not any part thereof that the appellant might desire to make use of. Shrady v. Shrady, 42 N. Y. App. Div., 9 N. Y. Sup. 546.

There being no evidence before this court, it will assume that the evidence in the court below should support its verdict therein. Spiegelberg v. Mink, 1 N. M. 308; Pino v. Beckwith, 1 N. M. 10; Schaefer v. Second National Bank, 4 N. M. 292; U. S. v. S. B. & C. del Agua Co., 4 N. M. 599; Farish v. Mining Co., 5 N. M. 289; Lamy v. Catron, 5 N. M. 373; Territory v. Barrett, 8 N. M. 70; Witt v. Cuenob, 9 N. M. 143; Cattle Company v. Sully, 144 U. S. 209; L. L. & L. Mining Co. v. Hendric, 9 N. M. 149.

Street v. Smith.

## OPINION OF THE COURT.

POPE, J.—Smith sued Street, her complaint setting up two causes of action. The first is for a balance of seven hundred dollars on five notes of two hundred dollars each, the second for a balance of seven hundred dollars alleged to be due on an original indebtedness of one thousand dollars with interest, on the purchase of certain furniture and fixtures, after deducting four hundred dollars paid thereon. The pleadings do not indicate other than that the two causes of action are distinct transactions totally disconnected with each other. The answer pleads failure of consideration to the notes. To the second cause of action no defense is pleaded unless the following from the answer constitutes such:

"This defendant denies each and every allegation of the complaint inconsistent with the foregoing statement." The "foregoing statement" is the defense of failure of consideration just referred to. It is clear that a claim for merchandise sold and delivered is not inconsistent with a defense of want of consideration to a series of notes not alleged to arise out of the same transaction. Under our view of the pleadings there is, therefore, no denial to plaintiff's second cause of action and under Section 67 of the Code it "must be taken as true" and justifies the judgment complained of.

It is contended, however, that the complaint was treated as denied in the trial below and the case thus within Keator Lumber Co. v. Thompson, 144 U. S. 434. The condition of the record, to be presently referred to, leaves us without full information on this point. This being asserted however, we prefer to rest our decision upon further grounds:

The transcript contains what purports to be the testimony in the case but that is not "properly certified to" by the trial judge as provided by Chapter 57, Section 24, Session Laws of 1907, and may therefore not be considered as an element in the review of the case. The trial court found for the defendant on the first cause of action. On the second cause it disallowed plaintiff's claim for certain merchandise described as "delivered by Gross Rich-

ards Company," the value of which is not stated, and it finds in her favor for what is described as the "Barnes and Rankin merchandise" of the value of $465.64 and gave her judgment for that amount. It is complained by the appellant that the court below failed to allow him as against this finding the payment of four hundred dollars admitted by the complaint to have been made on the original indebtedness. But does the record establish this? With the testimony not legally before us we must decide the case upon the record proper. From this it appears that upon a claim of a thousand dollars, exclusive of interest, the court has found for plaintiff in a sum less than five hundred dollars. This leaves ample margin for the credit contended for and it must be assumed in the absence of anything to the contrary, that the trial judge allowed the credit in awarding judgment. Certainly we cannot presume that he did not. Error must be shown before it can be declared.

Upon a doubtful or deficient record every presumption is in favor of the correctness and regularity of the decision of the court below.

SYLLABUS (BY THE COURT).

