## MINARD v. GARDNER et al.

Where no bill of exceptions or statement of the case was ever settled, that portion of appellant's abstract purporting to contain a bill of exceptions will be stricken out or disregarded on appeal.

Where the trial judge, by an order refusing to settle the bill of exceptions, states that no bill was settled within the time fixed by law, and that the time was not extended, and that appellant's attorneys have neglected to cause the bill of exceptions to be settled, and that their failure was not due to accident or excusable delay, the Supreme Court will not settle the bill of exceptions, although Code Civ. Proc. § 298, provides that, if the trial judge in any case refuse to allow an exception, the party desiring the bill may apply to the Supreme Court to prove the same.

_(Opinion filed, Dec. 22, 1909.)_

Appeal from Circuit Court, Brown County. Hon. J. H. McCoy, Judge.

Action by Jessie E. Minard against Elmer Gardner and the Equitable Fidelity & Title Guaranty Company. Judgment for plaintiff and defendant Guaranty Company appeals. Affirmed.

_Hall, Lawrence & Roddle,_ for appellant. _Taubman, Williamson & Herreid,_ for respondent.

HANEY, P. J. This action was instituted to recover damages, for the alleged breach of a contract, from Elmer Gardner as principal and the Equitable Fidelity and Title Guaranty Company, a corporation, as surety. The corporation alone appealed. After its abstract and brief and respondent's additional abstract were filed, respondent moved to strike appellant's purported bill of exceptions. At the same time appellant moved "the judges of this court to settle and certify the bill of exceptions  *  *  * upon the ground that the judge of the circuit court  *  *  * has refused to settle and certify said bill of exceptions."

As we understand the original record to which both motions referred, a general and special verdict were returned December 10, 1906, whereon judgment was rendered in favor of the plaintiff December 26, 1906. Time in which to move for a new trial and settle exceptions was extended 20 days on February 8, 1907. "Notice of motion for a new trial upon a bill of exceptions" was served March 10, 1907. On March 15, 1907, the following order was filed: "The above-entitled matter coming on to be heard on

the motion and application of the defendant, Equitable Fidelity & Guaranty Company, for an order setting aside the findings of fact and verdict found and rendered by the jury in the above-entitled action and to vacate the judgment rendered by the court and for a 'new trial of said cause, said application being within the time allowed by the court, Hall, Lawrence & Roddle appearing for the defendant, Equitable Fidelity & Title Guaranty Company, and the court being fully advised, it is ordered that said motion and application be and the same hereby is denied and overruled, to which ruling defendant duly excepted, which exception was allowed." On October 8, 1907, notice of appeal from the judgment and foregoing order was served, together with an undertaking on appeal.

On October 22, 1907, upon appellant's application for an order settling a bill of exceptions, or fixing the time in which one might be settled, an order was entered by the circuit court, which contains a detailed history of the litigation, and concludes as follows: "That no bill of exceptions has been settled up to this date. That no extension of time has been applied for nor granted, except as hereinbefore stated. That there has never been any stipulation or agreement for extension of time within which said bill of exceptions might be settled, and no waiver, express or implied, by plaintiff's attorneys, of any provision for the prompt and regular procedure in said action in accordance with the rules and regulations of the court and the laws of the state. That more than 10 days have elapsed since the service of plaintiff's proposed amendments to defendants' proposed bill of exceptions, and such proposed bill of exceptions and amendments have not been delivered to the clerk of the court for the judge, as provided by law. That more than seven months have elapsed since plaintiff's attorneys served their proposed amendments to defendants' proposed bill of exceptions, and that the defendants and their attorneys have utterly neglected, refused, and failed to cause a bill of exceptions to be settled as provided by law. Now, therefore, the court, having heard the proofs duly submitted and the arguments of counsel, and upon due consideration the court being fully advised in the premises, finds

that such delay, refusal, and neglect on the part of defendants and their attorneys was not on account of accident, inadvertence, surprise, mistake, or excusable delay, and that the granting of defendants' motion as aforesaid would not be in furtherance of justice, no good cause having been shown for the delay and settlement of a bill of exceptions at this time. Therefore it is ordered that said application be denied, and said motion is in all things overruled, to which ruling and order defendants' counsel excepted." Thus it appears that no bill of exceptions or statement of the case was ever settled, and that portion of appellant's abstract purporting to contain a bill of exceptions must be stricken out or disregarded on this appeal, and the only question is whether exceptions should be settled by this court on the ground that the trial judge has refused to settle the same. If the trial judge "in any case refuse to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the Supreme Court to prove the same. Code Civ. Proc. § 298. This provision must be taken in connection with other provisions relating to the settlement of exceptions. Whether exceptions shall be settled after the statutory period has expired—whether such period shall be enlarged—is a question peculiarly within the discretion of a trial judge, and his decision in relation thereto will not be reversed in the absence of manifest abuse of such discretion. It is therefore only in cases where the trial judge is asked to settle exceptions within the time allowed by law, or within such time as enlarged for "good cause shown," and he refuses to settle the same "in accordance with the facts," that application to this court to prove exceptions may properly be made. In other words, it is a refusal to settle exceptions according to the facts, to allow a truthful statement of what occurred on the trial, but not a refusal to enlarge the statutory period, which entitles a party to relief in this court. Clearly there was no abuse of discretion in this instance in the refusal of the learned trial judge to enlarge the time in which exceptions might be settled; and, as the statutory time had expired, there was no such refusal to settle exceptions as would justify this court in entertaining an application to prove them,

or to remand the record for the purpose of again invoking the discretion of the trial judge.

With the unsettled exceptions printed in appellant's abstract eliminated, nothing remains except the pleadings, verdict, and judgment; and, as the judgment is sustained by the pleadings and verdict, it must be affirmed, appellant's motion for a new trial having been properly overruled in the absence of any bill of exceptions or statement of the case to support it.

SMITH and McCOY, JJ., taking no part in the decision.