[No. 1483, November 7, 1912.]

BURNHAM-HANNA-MUNGER DRY GOODS CO., Appellant, v. GEO. W. HILL, et al., Appellees.

### SYLLABUS (BY THE COURT).

1. In an action of replevin, where an affidavit in replevin is filed, but no separate complaint; but the affidavit contains all the essential allegations of a complaint, the affidavit should be treated as both a complaint and affidavit, and it is error to quash the writ of replevin for failure to file a separate complaint prior to the issuance of the writ.

Appeal from District Court, Torrance County.

FRANCIS C. WILSON, BOWMAN & DUNLAVY, for Appellant.

. Sub-sec. 17, sec. 2685, C. L. 1897; chap. 107, par. 13, laws 1907.

Rule of construction of the statute on replevin in New Mexico. Martinez v. Martinez, 2 N. M. 469; 24 Am. & Eng. Enc. L., p. 478, note 4; Peoples Sav. Bank, etc., v. Bachelder, etc., 51 Fed. 130; Cobbey on Replevin (2nd ed.) sec. 13; Appelwhite v. Allen, 8 Humph. 698; Hellings v. Wright, 2 Har. 374.

The court had jurisdiction both of the subject matter and of the parties. 17 Am. & Eng. Enc. Law (2nd ed.) p. 1059; id. IV. 2, p. 1060; Chandler v. Citizens Bank. 149 Ind. 601; Montague v. Marunda, 71 Neb. 805; Abreu v. Brown, 2 N. M. 11; Cobbey on Replevin, (2nd ed.) sec. 525; Barruel v. Irwin, 2 N. M. 234; Carlton v. Dixon, 12 Ore. 144; Wilbur v. Flood, 16 Mich. 40.

The jurisdiction in replevin is not derived from the complaint but from the affidavit and the giving of bond. Hecklin v. Ess, 16 Minn. 51; Martin v. Desnoyer, 1 Minn. 41; Cobbey on Replevin, secs. 525-6.

.The action of replevin is a proceeding *in personam,* 24 Am. & Eng. Enc. Law (2nd ed.) 477; Am. Bank v. Strong, 85 S. W. 639.

The affidavit need not be separate from the complaint, and need not state that the affiant claims judgment for damages or possession, though these statements are not improper. Cobbey on Replevin (2nd ed.) secs. 586-7-8; Sannoner v. Jacobson & Co., 47 Ark. 31; Lehman v. Lowman, 50 Ark. 444; Babilya v. Priddy, 68 Oh. St. 383; Louisville, etc., Ry. Co. v. Payne, 103 Ind. 183; Cox v. Albert, 78 Ind. 241; Davis v. Warfield, 38 Ind. 461; Dunn v. Crocker, 22 Ind. 324; Hanner v. Bailey, 30 Ark. 681; Harris v. Castleberry, 64 S. W. 541; Lewis v. Connelly, 29 Nebr. 222; Huddleston v. First Nat. Bank, 51 Nebr. 557; Smith v. Watson, 28 Iowa 219; Livingston v. Coe, 4 Nebr. 379; State of Mo. v. John Patton et al, 42 Mo. 530, and is waived by a general appearance (which general appearance was made by defendants as hereinafter shown). In Re Clary, 112 Calif. 292; and by a failure to make motion 31 Cyc. 718—2, citing authorities from many states.

It is no ground for quashing a writ of replevin that the

declaration was not filed in time. Kreeger v. Warner, 2 Mich. 229; Amos v. Sinnott, 5 Ill. 440; Crowell v. Botsford, 16 N. J. Eq. 458.

No summons had been issued until after the possession of the property had been obtained; plaintiff dismissed his suit and the court said "that he was estopped from denying that an action was pending when suit was brought on the bond. Central Natl. Bank v. Brecheisen, 65 Kas. 807; The S. M. Lumber Co. v. Wright, 114 Mo. 326; Peoples Sav. Bank v. Bachelder Egg Case Co., 51 Fed. 130; Cole v. Thorn Burg, 4 Colo. App. 95; Glenn v. Copeland, 2 Watts & S. (Pa.) 261; Andre v. Frsybarger, 70 Ind. 280; Davis v. Golston, 53 N. C. 28; White v. Rankin, 2 Blackfords (Ind.) 78; Davis v. Brinker, 50 Ind. 25; Pekin Co. v. Wilson, 66 Nebr. 115.

The defendants appeared generally and submitted themselves to the jurisdiction of the court and thereby waived any and all defects or irregularities in the commencement of the action. 3 Cyc. 508, notes 45 and 46; Clark v. Rose, 75 Ala. 130; Cobbey on Replevin (2nd ed.) sec. 726; Sullivan v. Moffatt, 68 N. J. L. 211; Dunne et al. v. Portland St. Ry. Co. et al. 65 Pac. 1052; Banker's Life Ins. Co. v. Robbins, 80 N. W. 484; Linton v. Heye, 95 N. W. 1040; Frank v. Zeigler, 46 W. Va. 614; Mahr v. U. P. Ry. Co., 140 Fed. 921; Everat v. Wilson, 34 Colo. 476; Dudley v. White, 44 Fla. 264; McCoy v. Stockman, (Ind. Sup.) 146 Ind. 668; Gorham v. Tanquary, 58 Kans. 233.

Such an objection is a technical one and should not defeat the litigant in his rights. Pierce v. Meyers, 28 Kans. 364.

Motion to dissolve attachment on the merits; such a motion constitutes a general appearance and waives any defects in the commencement of the action. Raymond v Nix et al., 49 Pac. 1110; Miller v. Warden, 111 Pa. 308; Lower v. Wilson, 9 S. Dak. 252; U. P. Ry. Co. v. De Busk, 13 Am. St. Rep. 233.

What constitutes a general appearance after a special appearance. Liles v. Wood, 58 Tex. 416; Lente v. Clarke, 22 Fla. 515; Corbet v. Physician's C. Assn. of America,

115 N. W. 365; Anderson v. White, 32 Wis. 308; Lowe v. Stringham, 14 Wis. 422.

Jurisdiction of the person waived by taking any steps to contest the cause upon the merits after his motion on special appearance has been overruled.

As by filing a general appearance. Lord v. Hendrie & B. Mfg. Co., 13 Colo. 393; Kinsella v. Kahn, 185 Ill. 208; Allen v. Welch, 125 Mo. App. 278.

Or by moving for a continuance. Thayer v. Dove, 8 Blackf. 567; Piano Mfg. Co. v. Nordström, 63 Nebr. 123; Upper Miss. Trans. Co. v. Whittaker, 16 Wis. 233; Lamley v. Beavers, 25 Ala. 534.

Or by appearing and moving for a non-suit. Colo. C. R. Co. v. Caldwell, 11 Colo. 545.

Or by filing a demurrer. Stephens v. Bradley, 24 Fla. 201; Stephens v. Harris, 99 Mich. 230; Coffee v. Chippewa Falls, 36 Wis. 121; Morris v. Miller, 4 Idaho 454; Franklin L. Ins. Co. v. Hickson, 197 Ill. 117.

Or by asking for a bill of particulars. Baizer v. Lasch, 28 Wis. 268.

Or by pleading to the merits. Hobson v. N. M. & A. R. Co., 2 Ari. 171; Desmond v. Superior Court, 59 Cal. 274; Sears v. Starbird, 78 Cal. 226; U. P. Ry. Co. v. Moffat, 12 Colo. 310; U. P. R. Co. v. De Busk, 12 Colo. 294; Man hard v. Schott, 37 Mich. 234.

Or by filing a general appearance and answering. Burris v. Wise, 2 Ark. 33; N. Y. & B. Min. Co. v. Gill, 7 Colo. 100; Ruby Chief M. & M. Co. v. Gurley, 17 Colo. 199; Brand v. Brand, 116 Ky. 785.

Or by entering a plea and demanding a jury trial. Audretsch v. Hurst, 126 Mich. 301.

Or by appearing and participating in the trial of the cause. Scarlet v. Hicks, 13 Fla. 314; Kronski v. Mo. P. R. Co., 77 Mo. 362; Chesapeake & O. R. Co. v. Wright, 50 W. Va. 653.

Or by pleading and going to trial. Taylor v. Adams, 58 Mich. 187; Austin v. Burroughs, 62 Mich. 181; Walker v. Turner, 27 Neb. 103; Sealy v. Calif. L. Co., 19 Ore. 94; Lowe v. Stringham, 14 Wis. 241.

Or by taking any steps looking to a defense upon the

merits.   Pry v. Hannibal & St. J. Ry. Co., 73 Mo. 123;
Daley v. Iselin, 212 Pa. 279.

Asking for affirmative relief.   Chandler v. Citizens Nat.
Bank, 149 Ind. 601; Thompson v. Greer, 62 Kas. 522;
Lower v. Wilson, 9 S. D. 252; F. C. Austin Mfg. Co. v.
Hunter, 16 Okla. 86; Montague v. Marunda, 71 Neb. 805.

A defendant may appear specially to object to the juris-
diction of the court, but if, by motion or other form of
application to the court, he seeks to bring its powers into
action except on the question of jurisdiction he will be
deemed to have appeared generally.   Lillie v. Modern
Woodmen of America, 130 N. W. 1004, 1911; Norfolk &
O. V. Ry. Co. v. Consol T. Co., 68 S. E. 346, 1910; Lam-
ley v. Beavers et al., 25 Ala. 534; Crawford v. Foster, 84
Fed. 939; Daley v. Iselin, 212 Pa. 279; Stock v. Reynolds,
121 Mich. 356; Stone v. Smith, 64 N. Y. Sup. 139; Fra-
zier v. Douglas, 48 Pac. 36; Thompson v. Pflieffer, 71 Pac.
828; Baker v. Union St. Yard Bank, 89 N. W. 269; Nor-
folk & W. Ry. Co. v. Sutherland (Va.) 54 S. E. 465;
Dredla v. Baach, et al., 83 N. W. 916; Lower v. Wilson et
al., 68 N. W. 545; State v. Napton, 24 Mont. 450; Handy
v. Ins. Co., 37 Oh. St. 366.

On the dismissal of an action in replevin, on account of
an irregularity in the proceedings, there can be no assess-
ment of damages and judgment thereon.   Barrel v. Irwin,
2 N. M. 233; Barruel v. Irwin, 2 N. M. 223; Collomer v.
Page, 35 Vt. 396; Thurber v. Richmond, 40 Vt. 399; Mc-
Arthur v. Lane, 15 Me. 245; Pannel v. Hampton, 32 N. C.
463; Cobbey on Replevin (2nd ed.) sec. 1198; Parsell v.
Genesee, 39 Mich. 542; Burnett v. Menifee, 4 Ark. 140.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellant instituted this action in
the court below in replevin, under article 13, of chap. 107
of the Session Laws of 1907, to recover certain goods and
chattels, by filing with the clerk of the District Court of
Torrance County an affidavit in replevin and a bond, con-
ditioned as required by law.   A writ of replevin was issued
and duly executed by the sheriff, and a summons was issued
and served upon the defendants, and return made.   No

formal complaint was filed, unless it can be held that the affidavit performed both the functions of a complaint and affidavit.    Subsequently a trustee in bankruptcy was appointed for the defendant partnership, and he moved to quash the writ of replevin and the levy thereunder, because at the time of its issuance no complaint had been filed, and therefore no action was pending.    Other facts appear in the record, upon which error is assigned, but our conclusions in regard to the quashing of the writ render it unnecessary for us to pass upon the additional questions, all of which arose subsequent to and were dependent upon the quashing of the writ.

Sub-sec. 17 of sec. 2685, C. L. 1897, provides that "civil actions in the courts of the Territory are commenced by filing a complaint."    And sub-section 232 of chap. 107, S. L. 1907, reads as follows: "Before the writ of replevin shall be issued, the plaintiff, or some credible person, in his stead, shall file in the office of the clerk of the District Court an affidavit alleging that the plaintiff is lawfully entitled to the possession of the property mentioned in the complaint, that the same was wrongfully taken, or wrongfully detained by the defendant, and that the right of action accrued within one year."    The affidavit, filed in the case, contains the names of the parties, designating them as plaintiff and defendant, the venue, described the goods claimed, and alleged that the plaintiff was legally entitled to their possession; that the property was unlawfully withheld from the plaintiffs and that the right of action originated within one year.    The affidavit was sworn to before the clerk of the District Court, and filed.

Appellants contend that the filing of a formal complaint, separate and apart from the affidavit is not required; that the affidavit and complaint may both be included in one pleading, if the pleading contains all the requisite allegations of both a complaint and an affidavit and all the facts required to be set forth in each, are incorporated in the paper filed, and it is verified as required by law as an affidavit.

We have not been favored with a brief on the part of appellees and have been compelled to pursue our own re-

search, and can see no valid reason why the contention
of appellants is not sound. While the better practice
is to file both a complaint and affidavit, the statute
does not in terms require it, and we do not believe any
meritorious objection can be advanced to the incorporation
of both in one pleading. Sub-sec. 96, C. L. 1897, provides
that it shall be the duty of the court, in construing the
provisions of the law relative to pleading to "distinguish
between form and substance." The contention raised by
appellee, in the lower court, by his motion to quash the
writ of replevin, appears to us to have been based solely
upon form and technicality and devoid of merit. The affi-
davit filed in the cause contained all the essential allega-
tions of a complaint, and likewise of an affidavit in re-
plevin.

In the case of Bobilya v. Priddy, 68 Ohio State R. 373,
in an action of replevin, the affidavit and complaint were
both incorporated in the same pleading, as in the case now
before the court. There a motion was made to set aside
the writ because no separate affidavit was filed. The mo-
tion was overruled by the lower court, and on appeal the
action of the court was sustained, the court using the fol-
lowing language: "There was no error in the ruling of
the court. While under section 5815, Revised Statutes, an
affidavit is required in order to warrant the issuing of a
writ of replevin, there is nothing requiring such affidavit
to be separate and apart from the petition. While good
practice requires the petition and affidavit in a replevin
case to be separate, so as to allow questions as to either to
be made without "reference to the other, it is not error to
combine both in one, unless it appears that so doing causes
material prejudice to the defendant. No such prejudice
appears in this case." This we believe to be a correct state-
ment of the rule, and we find it fully supported by the
authorities.

See Scott v. Vulcan Iron Works Co. (Okla.) 122 Pac.
186, where the affidavit filed was practically the same as
the one filed in this case. Also see Louisville etc. Ry. Co. v.
Payne, 103 Ind. 183; Cox v. Albert, 78 Ind. 241; Dunn
v. Crocker, 22 Ind. 324; Hanner v. Bailey, 30 Ark. 681;

Lewis v. Connelly, 29 Neb. 222; Harris v. Castleberry (Ind. T.) 64 S. W. 541; Cobbey on Replevin (2nd ed.) sec. 586.

It is true no claim for damage was made for the detention of the goods, but this was a matter the plaintiff could waive; likewise the complaint contained no prayer for relief, but under code pleadings the prayer for

**2**  relief forms no part of the statement of the cause of action, 31 Cyc. 100, and it has been held that; where there is only one relief to which plaintiff can be entitled, the omission of a prayer for judgment must be disregarded. Sannoner v. Jacobson, 47 Ark. 31; see also Scott v. Vulcan. Iron Works, (Okla.) 122 Pac. 186.

From the foregoing it is manifest that the court erred in sustaining the motion to quash the writ of replevin. The cause is therefore reversed with instructions to the lower court to overrule the motion to quash the writ of replevin.

### SYLLABUS (BY THE COURT).

