[No. 1484, November 7, 1912.]

THE OLIVER TYPEWRITER CO., Appellees, v. BURTNER & RAMSEY, et al., Appellants.

SYLLABUS (BY THE COURT).

1. Under sec. 24, chap. 57, S. L. 1907, where cases are tried without a jury, the certificate of the official stenographer is not alone sufficient to make the transcript of the testimony an element in the review of the case. Such transcript must. in addition, be properly certified as correct by the trial judge.

2. The alleged grounds of error, being based upon errors occurring at the trial and conclusions drawn therefrom, and the evidence not being in the record, no question for review is presented.

Appeal from the District Court, Bernalillo County.

NELLIE C. BREWER, for Appellants.

Consideration is an essential part of a contract. Con-

solidated Portrait & Frame Co. v. Barnett, et al., 51 So. 936; 9 Cyc. 309; Southern Ry. Co. v. Wilcox, 35 S. E. 356; Tucker v. Wood, 7 Am. Dec. 305; Adams v. Gillig, 92 N. E. 670; Scriba v. Neely, 109 S. W. 845; Gorman v. Gilbert, 83 Mo. App. 416.

Acceptance is necessary to constitute a valid contract. State v. Board of Public Service, 90 N. E. 390; New v. Germania Fire Ins. Co., 85 N. E. 705; Strong & Trowbridge Co. v. H. Baars & Co., 54 So. 92; 9 Cyc. 254.

Where a contract consists of correspondence, all the correspondence necessary to constitute a contract must appear. Union Service Co. v. Moffet-West Drug Co., 128 S. W. 7; Robinson v. R. R., 75 Mo. 494; Strange v. Crowley, 2 S. W. 421; 1 Page on Contracts, sec. 46; 1 Parsons on Contracts, 476; 1 Beach on Contracts, sec. 51; Clark on Contracts, 24; Hannay v. New Orleans Cotton Ex., 36 So. 831.

Burden of proving contract rested upon plaintiff. 9 Cyc. 757; Polstein v. Blauner, 86 N. Y. S. 794.

It was error to tax costs against defendant where the judgment rendered was not more favorable than the tender. Hunt on Tender, sec. 364; Hamlet v. Tallman, 30 Ark. 505; Grace v. Potts, 4 Baxter 395; Randolph v. Wagner, 36 Ala. 698; Hill v. Place, 7 Robt. 389.

R. W. D. BRYAN, for Appellee.

The practice of the Supreme Court is to discourage appeals to it in cases involving small sums. Wagner v. Eaton, 2 N. M. 211.

After the promissor has had the benefit of the consideration for which he bargained, it is no defense to say that the promisor was not bound by the contract to do the act. White v. Baxter, 71 N. Y. 354; Marie v. Garrison, 83 N. Y. 26; Stout v. Watson, 45 Minn. 454; Allen v. Chouteau, 102 Mo. 309; Hooker v. Hyde, 61 Wis. 204.

When the minds of the contracting parties meet, signified by overt acts, the contract becomes obligatory. Mactier v. Frith, 6 Wend. 103; Hallock v. Commercial Ins. Co., 26 N. J. L. 268; Morse v. Bellows, 7 N. H. 549; Train v.

·Gold, 5 Pick. 379; Willets v. Sun Mutual Ins. Co., ·45 N. Y. 45; Cottage St. Church v. Kendall, 121 Mass. 329; Patton v. Hassinger, 69 Pa. St. 311; Mauger v. Crosby, ¨117 Mass. 330.

There was no legal tender either pleaded or proven in the court below. Price & Walker v. Wood, 9 N. M. 397; Sheredine v. Gaul, 2 Dall. 190; Colby v. Reed, 99 U. S. ·560; 38 Cyc. 167.

Tender cannot be pleaded for the first time in an appellate court. 38 Cyc. 166.

There is no substantial reason found in the record or urged in the assignment of errors in this case for setting ·aside the findings of the trial court. Candelaria v. Miera, 13 N. M. 360.

## OPINION OF THE COURT.

The appellants bring this appeal, from a judgment of ¨the District Court of Bernalillo County, wherein judgment was rendered against them for the sum of $6.65, and assign nine grounds of error, all based upon alleged error occurring upon the trial of the cause and conclusions of the lower court upon the evidence. Unfortunately for the appellants, and much to the relief of the court, for we are not inclined to encourage appeals to this court, where so small ·an amount is involved, the transcript of the testimony is not certified to and signed by the judge who tried the case, and is not brought into the record by bill of exceptions.

Sec. 24 of Chap. 57, S. L. 1907, provides that the testimony may become a part of the record without a bill of exceptions, in cases tried without a jury. "When properly certified by the court or referee," and unless such testimony is properly certified it may not be considered in the review of the case. Street v. Smith, 15 N. M. 95.

The judgment of the lower court is therefore affirmed.