Rogers v. Crawford, 22 N. M. 365.

[No. 1895, December 26, 1916.]
# ROGERS v. CRAWFORD.

## SYLLABUS BY THE COURT.

1.  Where transcript of proceedings in case tried to court without a jury is certified to this court only by certificate of stenographer, the same imports no verity and will be stricken from files upon motion therefor.

P. 365

2.  Section 4490, Code 1915, does not authorize an extension of time within which to file a transcript of record in this court, where a transcript has already been filed and where the application is made for the purpose of correcting errors or omissions due to oversight of counsel.

P. 366

Error to District Court, Chaves County; G. A. Richardson, Judge.

Action by A. J. Crawford against W. E. Rogers. There was a judgment for plaintiff, and defendant brings error. Transcript of proceedings stricken.

W. E. ROGERS of Roswell, for plaintiff in error.

GIBBANY & EPSTEIN of Roswell, for defendant in error.

## OPINION OF THE COURT.

PARKER, J.—This is a suit brought by defendant in error, A. J. Crawford, against W. E. Rogers, plaintiff in error, on three several promissory notes, in which plaintiff in error appears to be an indorser in blank.

[1] The case is not before us on the merits, but upon a motion of defendant in error to strike from the files the transcript of the evidence, on the grounds that the case was tried to the court without a jury and that the transcribed notes of the stenographer have not been certified to this court in accordance with section 4493, Code 1915. That section is as follows:

"In all actions tried without a jury the testimony taken
before a court or that taken by a referee, the transcribed
notes of the stenographer in such cases, properly certified
by the court or referee, and all motions, orders or decisions
made or entered in the progress of the trial of any such ac-
tion shall become and be a part of the record for the pur-
pose of having the cause reviewed by the supreme court
upon appeal or writ of error, without any bill of exceptions.
And it shall not be necessary to have any bill of exceptions
settled. signed or sealed, in order to make any of such mat-
ters a part of the record in cases so tried.   It shall not be
necessary to make a motion for a new trial in any case tried
by the court without a jury."

It will be seen that under that section matters not rec-
ord proper are certified to this court by the trial court
in cases tried to it without a jury; hence such procedure,
when the party proceeds under that section, displaces the
procedure by way of bill of exceptions for which provision
is elsewhere made.

An examination of the transcript of record on this writ
of error discloses a certificate of the court stenographer,
who recorded the proceedings at the trial, to the effect
that the transcript of proceedings is full, true, and cor-
rect; but there is attached no certificate whatever of the
trial court.   Under the authority of section 4493, Code
1915, quoted supra, it has been held that the certificate
of the court stenographer in itself is insufficient to make
the transcript of the proceedings on the trial an element
in the review of the case, in that the said transcript, in
such an event, is not "properly certified to."   Street v.
Smith, 15 N. M. 95, 103 Pac. 644; Oliver Typewriter Co.
v. Burtner, 17 N. M. 354, 128 Pac. 62.   The plaintiff in
error elected to proceed under section 4493, Code 1915,
but failed to observe its provisions in respect to having
the court certify to the correctness of the stenographer's
transcript.   The result is that the transcript of testimony
does not import verity, and cannot be considered here.

[2]   Plaintiff in error, however, seeks to avoid the con-
sequences of the foregoing omission by moving that the
time be extended within which to file a complete transcript
of record, relying on section 4490, Code 1915.   That sec-

tion provides for the filing of the transcript and assign-
ing errors in this court with the following proviso:

·"That the Supreme Court or the judge of the district court,
where such judgment was rendered, or any justice of the
Supreme Court, * * * may for good cause shown, satis-
factory to him, grant to the appellant or plaintiff in error,
further time to file a complete transcript in said cause, even
though the time to file the same may have expired."

This section is not available for the correction of errors
or omissions in the transcript due to oversight of coun-
sel. It is evidently designed to relieve an appellant or
plaintiff in error from the consequences of the delay of
the clerk or stenographer in preparing the transcript, or
perhaps other circumstances over which he has no con-
trol. The section has nothing to do with the contents
of the record, but has to do simply with the time within
which the transcript is to be filed. The contents of the
transcript is, by the section, left entirely to the discretion
of the appellant or plaintiff in error, except that it re-
quires as complete a transcript as may be necessary to
enable the court to properly review the cause and provides
a penalty of affirmance unless the same is done within the
time specified.

The motion of defendant in error to strike from the
files the transcript of proceedings occurring at the trial
will necessarily have to be granted; and it is so ordered.

ROBERTS. C.J., and HANNA, J., concur.