Cox v. Douglas Candy Co., 22 N. M. 410.

[No. 1882, January 10, 1917.]
[Rehearing Denied March 1, 1917.]
## COX v. DOUGLAS CANDY COMPANY.

### SYLLABUS BY THE COURT.

Where the evidence is sought to be made a part of the record on appeal, under section 4499, Code 1915, the transcribed notes of the stenographer in such cases must be properly certified by the court or referee; and, in the absence of such certificate, no question dependent upon the testimony will be reviewed by the Supreme Court.

Error to District Court, Otero County; Medler, Judge.

Action by the Douglas Candy Company against W. T. Cox. Judgment for plaintiff, and defendant brings error. Affirmed.

SAMUEL HOLMES of Alamogordo, for plaintiff in error.

J. J. LAWSON of Alamogordo, for defendant in error.

### OPINION OF THE COURT.

ROBERTS, J.—This action was instituted in the court below by defendant in error against the plaintiff in error, to recover $434.01 and interest, on account of goods alleged to have been sold to the Hope Candy Company, a co-partnership concern composed of Cox and one other. After issue was joined the cause was referred to a referee, who was directed to take the testimony and report the findings of fact and conclusions of law. The referee, in compliance with the order of court, took the testimony and filed findings of fact and conclusions of law, finding generally for plaintiff in error. The court, upon exceptions, made findings for defendant in error and entered judgment for it for the amount claimed in the complaint. To review this judgment, this writ of error is prosecuted.

The assignments of error all raise questions, the determination of which depend upon the testimony taken by

the referee.   Defendant in error contends that this testimony is not before the court for review because the transcript thereof is not properly certified by either the referee or the judge of the court below, as required by section 4499, Code 1915.

An examination of the transcript of record discloses that this contention of defendant in error is well taken, as there is no certificate by either the referee or judge.   In Wade's Appellate Procedure, § 400, it is stated:

> "The certificate of the stenographer who reported the evidence is not alone sufficient to make the transcript of the testimony an element in the review of the case, where it is proposed to use the testimony on appeal without a bill of exceptions.   The certificate of the judge, in case the testimony was taken before the court, or the referee, in case the evidence was taken before such an officer, is absolutely necessary."

This statement of the law is fully supported by the adjudicated cases.   See Street v. Smith, 15 N. M. 95, 103 Pac. 644; Oliver Typewriter Co. v. Burtner & Ramsay, 17 N. M. 354, 128 Pac. 62; Mundy v. Irwin, 19 N. M. 170, 141 Pac. 877.

This being true, there is no question presented by the assignment of error which can be reviewed here, for which reason the judgment will be affirmed; and it is so ordered.

HANNA C. J., and PARKER, J., concur.