State v. Wright, 28 N. M. 411.

## STATE v. WRIGHT.

(No. 2767, March 13, 1923.)

### SYLLABUS BY THE COURT

(1) Assignments of error which necessarily involve a consideration of the evidence submitted and the rulings made

State v. Wright, 28 N. M. 411.

thereon cannot be sustained, where such evidence and rulings are not certified to, as a bill of exceptions, by the trial judge, his successor in office, or some other judge as provided by law, as such a certificate is necessary to their authenticity or verity.                                                               P. 413

(2) An assignment of error which complains of a denial of a motion for a new trial cannot be considered, where such motion is not incorporated in the record and in no wise before this court.                                                         P. 414

Appeal from District Court, Grant County; Ryan, Judge.

Esby R. Wright was convicted of larceny of one head of cattle, and he appeals. Affirmed.

A. W. Morningstar, of Lordsburg, and White & Royall, of Silver City, for appellant.

H. S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

BRATTON, J. Appellant was found guilty upon the second count contained in the indictment, which charged him with the larceny of one head of neat cattle belonging to an unknown owner.

The first error complains of the refusal of the trial court to sustain appellant's motion made at the close of the state's case in chief to dismiss said count and direct a verdict of not guilty thereon, in that there was no evidence submitted which tended to show that such animal belonged to an unknown owner. The second error is predicated upon the refusal of appellant's motion to dismiss said count and direct a verdict of not guilty thereon, in that the evidence generally was insufficient to submit said count to the jury or to support a verdict of guilty thereon. The third error assigned involves the correctness of certain rulings made during the trial concerning the admissibility of certain evidence. A consideration of each of these assignments necessarily requires a review of the evidence, which we cannot do, because the record contains no

bill of exceptions containing the evidence submitted and the rulings made during the trial. There is attached to the record a purported transcript of the evidence, but it is not in any manner signed or certified to by the trial court. No attempt appears to have been made to comply with the provisions of section 27, c. 43, Laws 1917, which is in the following language:

"In all cases tried by the court, either with or without the intervention of a jury, the testimony, all rulings of the court, objections made and exceptions taken on the trial shall be taken down by the court stenographer. After such trial any party to the action may require the court stenographer to transcribe the whole or any part of his stenographic notes, and when the stenographer shall have transcribed his notes for the purpose of having the aforesaid notes settled as a bill of exceptions, or certified under the provisions of section twenty-five, he shall file the same in the office of the clerk of the court in which the action in which the same were taken was tried, and thereupon, either party to said cause desiring to have the same or other matters under the preceding section embodied in a bill of exceptions may give five days' notice to the opposite party of his intention of applying to the judge of the court in which said cause was tried, to have the judge of said court sign, and seal the same in proper form, as a bill of exceptions.

"Upon notice, given as aforesaid, unless said transcript or other matters tendered shall be shown to be incorrect, and in that case after its correction, the judge or his successor, shall settle, sign and deliver the said transcript as a bill of exceptions, adding thereto such additional matters properly sought to be added. For the purpose of having said bill of exceptions signed and sealed, it shall not be necessary to make out a new copy of the notes of said stenographer or other matters tendered but the same may be referred to and identified as a part of the bill of exceptions; nor shall it be necessary to serve a copy thereof with the notice. Provided, that in cases tried without a jury the testimony as transcribed by the stenographer may become a part of the record as provided in section twenty-five."

[1] Such a certificate of the trial judge, his successor in office, or some other judge designated as required by law, is necessary to the authenticity or verity of such a record and the same cannot be considered by this court without being so certified. Oliver Typewriter Co. v. Burtner & Ramsey et al., 17 N. M. 354, 128 Pac. 62; Mundy v. Irwin, 19 N. M. 170, 141 Pac. 877; Rogers v. Crawford, 22 N. M. 365, 161 Pac. 1184;

Cox v. Douglas Candy Co., 22 N. M. 410, 163 Pac. 251.

[**2**] The fourth and last error assigned pertains to denial of appellant's motion for a new trial. This motion is nowhere incorporated in the record and is not in any manner before us. Not having access to it, and not knowing what is contained therein, we cannot review the question.

The judgment of the trial court should be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.