472 P.2d 668

Esther M. GARCIA and Lupe Suarez, Plaintiffs-Appellants,

v.

UNIVERSAL CONSTRUCTORS, INC., and City of Albuquerque, a municipal corporation, Defendants-Appellees.

No. 455.

Court of Appeals of New Mexico.

June 12, 1970.

Certiorari Denied July 20, 1970.

Avelino V. Gutierrez, Albuquerque, for appellants.

Peter J. Adang, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for Universal Constructors, Inc.

Frank M. Mims and Lynn D. Smith, Jr., Albuquerque, for City of Albuquerque.

## OPINION

SPIESS, Chief Judge.

This action was brought against the City of Albuquerque (City) and Universal Constructors, Inc., (Universal) for the recovery of damages sustained by plaintiffs from the settling and cracking of their homes. The damage was alleged to have been caused by the negligence of the defendants. The trial resulted in the dismissal of the City pursuant to a directed verdict and a verdict in favor of the defendant, Universal. Following the entry of judgment, plaintiffs appealed.

A transcript was filed in this court and thereafter defendant, Universal, moved to strike the transcript of proceedings and affirm the judgment upon the ground that it was not given notice of the time and place when and where it would be settled as a bill of exceptions in accordance with Supreme Court Rule 13(4) [§ 21–2–1 (13) (4), N.M.S.A.1953]. This rule provides:

> "After the filing of such transcript or statement of proceedings, appellant or plaintiff in error shall give appellee or defendant in error five days notice of the time and place when and where he will apply to have such transcript or statement settled as a bill of exceptions."

Universal further asserts that it did not waive notice, nor consent to the signing and settling of the transcript as a bill of exceptions.

As a further ground for its motion, Universal contends that the transcript of pro-

ceedings is no part of the record for the reason that it does not contain the certificate of the judge settling it as a bill of exceptions as required by Supreme Court Rule 13(5) [§ 21–2–1(13) (5), N.M.S.A. 1953]. The language of this rule is:

"The judge, after making such additions and corrections as may be proper, shall attach to the transcript or statement of proceedings so previously filed, his certificate of settling and signing the same as a bill of exceptions, and the same shall be thereupon filed as a part of the record."

City has joined in the motion, but solely upon the ground that the transcript fails to contain the certificate of the judge. City concedes that it received and reviewed the transcript and waived notice of the hearing required by Rule 13(4).

It appears from the record and files before us that the final judgment was entered on June 3, 1969. A notice of appeal was filed June 25, 1969. Thereafter, an order was entered extending the time for docketing the transcript to November 24, 1969, and on November 21, 1969, a further order was entered extending the time to December 29, 1969. No further orders relating to the filing of the transcript or extending the time for so doing appear. The transcript was, however, filed in the office of the Clerk of the Court of Appeals on January 13, 1970. The transcript contains no notice to Universal of a time and place when and where the plaintiffs would apply to have the transcript settled as a bill of exceptions, nor does the transcript show a waiver of such notice. Further, the transcript does not include the certificate of the Judge as required by Rule 13(5).

Plaintiffs, although conceding the violation of Rule 13(4) and (5), assert that Supreme Court Rule 16(4) [§ 21–2–1(16) (4), N.M.S.A.1953] precludes striking the purported bill of exceptions. This rule provides:

"No motion to dismiss on appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. No such motion will be entertained unless filed before the movant has filed his brief on the merits."

It is argued that prejudice to defendant is not shown as a result of the failure to give it notice required by Rule 13(4), nor in the failure of plaintiffs to comply with Rule 13(5), and consequently the motion to strike should be denied.

■ Universal argues that prejudice results to it from the fact that it has a statutory right to suggest amendments or corrections to the record before it is certified by the Judge and in the absence of notice of the time and place for signing and settling the bill of exceptions, and in the absence of a hearing, Universal was deprived of that right. We think the argument has merit. It is further apparent that Universal could be confronted with a record which does not speak the truth and be without remedy for its correction. In our view, a showing of prejudice is present as to Universal. Certainly, through the denial of provisions of Rule 13(4) and (5) Universal was placed in a less favorable position than it would have occupied had plaintiffs complied with the rules. The motion of defendant, Universal, should be granted. See Mitchell v. Mitchell, 57 N.M. 776, 264 P.2d 673 (1953). Plaintiffs have cited Clodfelter v. Reynolds, 68 N.M. 61, 358 P.2d 626 (1961), as support for their position in opposition to the motions to strike. In *Clodfelter* the Supreme Court declined to strike a transcript which had not been certified by the trial court, saying:

" * * * No jurisdictional ground was advanced in support of the motion and no prejudice to appellee is shown. The motion to strike is overruled. Supreme Court Rule 16(4)."

Although the *Clodfelter* opinion does not so state, examination of the record discloses

that appellees waived notice of settlement of the bill of exceptions; which, as stated, did not occur as to the defendant, Universal.

■ This leads us to the motion of the City. It waived the notice required by Rule 13(4) as did appellees in *Clodfelter* and has made no showing of prejudice. The motion should be denied as to the City under Rule 16(4).

■ It is finally contended by the City that in view of the failure of appellants to file the transcript by the return date, this court should, pursuant to Supreme Court Rule 14(2) [21–2–1(14) (2), N.M.S.A. 1953], docket the judgment of the district court and affirm the judgment on behalf of the City.

This contention is without merit for the reason that the Motion for Affirmance was not made until after the transcript had been filed; hence, any default was cured before the motion was made. See Collins v. Unknown Heirs, 27 N.M. 222, 199 P. 362 (1921).

■ The transcript having been stricken as to the defendant, Universal, only the record proper is left for consideration upon the appeal respecting the judgment in its favor. All points relied upon for reversal of this judgment relate to evidentiary matters, which require a reference to a bill of exceptions which, as stated, is not before us as to Universal. The judgment, insofar as it applies to Universal is affirmed. Defendant, City, will, upon its request, be granted reasonable time to present its answer brief.

It is so ordered.

OMAN, J., specially concurring.

HENDLEY, J., concurs.

OMAN, Judge, specially concurring.

I concur in the opinion authored by Chief Judge SPIESS and concurred in by Judge, HENDLEY, but I do so reluctantly as to that portion thereof relating to the City of Albuquerque. I concur in that portion of the opinion solely because of the decision in Clodfelter v. Reynolds, 68 N.M. 61, 358 P.2d 626 (1961), which I believed to be in error, insofar as it holds that a "transcript of proceedings" may properly become a part of the record on appeal absent compliance with Supreme Court Rule 13(4), (5), (6), (7) and (8) [§ 21–2–1(13) (4) (5) (6) (7) & (8), N.M.S.A.1953]. However, since the New Mexico Supreme Court did so hold in the Clodfelter case, I feel constrained to accept the holding and that court's construction of its own rule.

However, for the sake of consistency and for the purpose of giving effect to what I consider the clear intent of Supreme Court Rule 13 [§ 21–2–1(13), N.M.S.A.1953], I hope the Supreme Court reconsiders the construction placed on this rule and Supreme Court Rule 16(4) [§ 21–2–1(16) (4), N.M.S.A.1953] in the Clodfelter case. It appears obvious to me that Rule 13 contemplates a "transcript of proceedings"— such testimony, objections, rulings, exhibits, and proceedings as are presented at the trial and as are called for by the praecipes of the parties—shall be brought into the record by a "bill of exceptions." A "transcript of proceedings" may become a "bill of exceptions" and "be thereupon filed as a part of the record," only when "[t]he judge who tried the cause, or any other district judge by him, or by the Chief Justice, by order, designated, or any judge sitting for the trial judge," shall have attached to the "transcript of proceedings," "after making such additions and corrections as may be proper," "his certificate of settling and signing the same [transcript of proceedings] as a bill of exceptions."

A "bill of exceptions" is defined in Black's Law Dictionary, 207 (4th Ed.1951) as:

"A formal statement in writing of the objections or exceptions taken by a party during the trial of a cause to the decisions, rulings, or instructions of the trial judge, stating the objection, with the facts and circumstances on which it is founded, and, *in order to attest its accuracy, signed and sealed by the judge;* the ob-

ject being to put the controverted rulings or decisions upon the record for the information of the appellate court." [Emphasis added]

In Bouvier's Law Dictionary, 348 (3rd Rev.1914) a "bill of exceptions" is defined as:

"A written statement of objections to the decision of a court upon a point of law, made by a party to the cause, and *properly certified by the judge or court who made the decision.* * * *

"*The bill must be signed by the judge or a majority of the judges who tried the cause;* * * * upon notice of time and place when and where it is to be done; * * *

"*Allowing and signing a bill of exceptions is a judicial act * * *; consent of counsel will not give validity; * * *"* [Emphasis added]

See also, State v. Upton, 60 N.M. 205, 290 P.2d 440 (1955); State v. Edwards, 54 N.M. 189, 217 P.2d 854 (1950); Martin v. New York Life Insurance Co., 30 N.M. 400, 234 P. 673 (1925); State v. Wright, 28 N.M. 411, 213 P. 1029 (1923); Eaton v. First Nat'l. Bank of Dalhart, Tex., 23 N.M. 687, 170 P. 45 (1918); Cox v. Douglas Candy Co., 22 N.M. 410, 163 P. 251 (1917); Mundy v. Irwin, 19 N.M. 170, 141 P. 877 (1914); Palmer v. Allen, 18 N.M. 237, 135 P. 1173 (1913); Oliver Typewriter Co. v. Burtner & Ramsey, 17 N.M. 354, 128 P. 62 (1912); Street v. Smith, 15 N.M. 95, 103 P. 644 (1909); Wheeler v. Fick, 4 N.M. (Gild.) 303, 13 P. 217 (1887); Blackburn v. Ford, 223 Ark. 524, 267 S.W.2d 519 (1954); Hayes v. U.S. Materials Co., 228 Ill.App. 286 (1923); Roberts v. Jones, 148 Mo. 368, 49 S.W. 985 (1899); Minard v. Gardner, 24 S.D. 404, 123 N.W. 855 (1909); Turner v. Smith, 143 Va. 206, 129 S.E. 367 (1925); 4 Am.Jur.2d, Appeal and Error §§ 411, 417, 418–421, 439, 440, 444–448 (1962); 4A C.J.S., Appeal and Error §§ 802–806, 840–845 (1957), and particularly §§ 842(b) and 844 and cases cited thereunder.

Supreme Court Rule 16(4), supra, provides that a motion to strike a "bill of exceptions" will not be granted, except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. This is the rule relied upon by the court for the refusal to strike the "transcript of proceedings" in the Clodfelter case. However, in that case the court referred to the transcript as an uncertified "bill of exceptions." It is my understanding of the law that there is no such thing in New Mexico as a "bill of exceptions" in the absence of the judge's certificate as to the verity or authenticity thereof. A "transcript of proceedings," a "statement of proceedings," or a "statement of facts and proceedings" may be filed of record upon the approval and certificate of the judge settling the same as a "bill of exceptions." Supreme Court Rule 13, supra. Until it is so certified and filed of record, it is, as referred to in the foregoing opinion of this court, at most a "purported bill of exceptions." To now consider on appeal a "transcript of proceedings," which has never become a "bill of exceptions" and never a part of the record, is to disregard the many pronouncements by the Supreme Court of New Mexico and by this court that matters not properly a part of the record will not be considered on appeal.

For the reasons stated, I concur in the opinion as to the disposition of the City's motion only because of the decision in Clodfelter v. Reynolds, supra, which, insofar as here material, I consider to be an incorrect construction of Supreme Court Rule 13, supra, and an incorrect application of Supreme Court Rule 16(4), supra.